# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-181** |
| **CHAD SCOTT ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendant Chad Scott's Motion to Review and Reverse Magistrate Judge's Denial of Motions to Compel and for a Bill of Particulars (Doc. 85), Motion to Dismiss the Indictment Based on Prosecutorial Misconduct (Doc. 87), and Defendant Rodney Gemar's adoption thereof (Doc. 91). For the following reasons, the Motions are DENIED.

## BACKGROUND

Defendants Chad Scott, a former DEA special agent, and Rodney Gemar, a former DEA Task Force Officer and member of the Hammond Police Department, were charged by Superseding Indictment in May 2018 with

1

multiple counts including falsification of government records, obstruction of justice, perjury, conspiracy, conversion of property of another by an officer of the United States, and removal of property to prevent seizure. Some of the claims against Defendants stem from the prosecution of Jorge Perralta. Scott is accused of directing Frederick Brown and others to falsely testify against Perralta. The indictment alleges that Scott induced Brown to testify that Perralta was present during certain drug transactions, when in fact Brown had never seen Perralta.

Defendant Scott filed two motions now before this Court, which Defendant Gemar subsequently adopted. First, Defendants seek review of the magistrate judge's ruling on a Motion to Compel and for Bill of Particulars. Defendants request that this Court compel the production of case communications, *Brady* material, and a bill of particulars. Second, Defendants seek dismissal of the Superseding Indictment for prosecutorial misconduct. This Court will consider each motion in turn.

## LEGAL STANDARD

### A. Review of Magistrate Judge's Order

"A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense."[1] The district judge may reverse a ruling of the magistrate judge only upon a finding that the ruling is "clearly erroneous or contrary to law."[2] In order to meet this high standard,

---

[1] Fed. R. Crim. Pro. 59.
[2] *Id.*; 28 U.S.C. § 636(b)(1)(A).

the district judge must be "left with a definite and firm conviction that a mistake has been committed."³

### B. Motion to Dismiss Indictment

"[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants."⁴ Dismissal of an indictment is appropriate only if it is established that a violation "substantially influenced the grand jury's decision to indict, or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations."⁵ "Whether or not prosecutorial misconduct prejudiced a defendant depends on whether it affected the grand jury's decision to indict."⁶

## LAW AND ANALYSIS

Defendants' arguments for the production of evidence and the dismissal of the Superseding Indictment each hinge on its belief that the government has withheld *Brady* information.⁷ This Court will therefore consider these allegations first.

### A. *Brady* Violation

Defendants believe that the government has concealed exculpatory evidence and been untruthful in its representations that all *Brady* material

---

³ *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).
⁴ Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988)
⁵ United States v. Cessa, 861 F.3d 121, 141 (5th Cir. 2017) (quoting *Bank of Nova Scotia*, 487 U.S. at 254).
⁶ United States v. Whitfield, 590 F.3d 325, 359 (5th Cir. 2009).
⁷ *See* Brady v. Maryland, 373 U.S. 83 (1963).

has been disclosed. Specifically, Defendants argue that the government had credible evidence in its possession that Fredrick Brown knew Jorge Perralta and had supplied illegal drugs to him. According to Defendants, Individual A contacted DEA Special Agent Mark Lusco and reported that Frederick Brown told Individual A that he did in fact know Perralta. Defendants further report that Agent Lusco contacted Assistant Special Agent-in-Charge Susan Nave, who forwarded this information up the chain of command. The evidence shows that in October 2017 ASAC Nave indeed forwarded an email to the government. That communication, however, said that Individual A had contacted Agent Lusco and reported that he overheard a conversation between two other inmates, Individuals B and C, in which they stated that Brown knew Jorge Perralta. The government investigated the primary sources of this information, Individuals B and C, and found the information to be neither credible nor exculpatory. The recordings of the government's interviews with Individuals B and C have been disclosed to Defendants.

Defendants have not provided this Court with any law suggesting that the government must immediately turn over potentially exculpatory evidence even before investigating its veracity and materiality. Under *Brady v. Maryland*, the government need only disclose "material, exculpatory evidence" to a defendant "in time to put it to effective use at trial."[8] Due process requires only that the Government disclose evidence favorable to the accused that is material to guilt or punishment.[9] Unlike Rule 16, however, "*Brady* is not a

---

[8] United States v. Walters, 351 F.3d 159, 169 (5th Cir. 2003).
[9] United States v. McKinney, 758 F.2d 1036, 1049–50 (5th Cir. 1978).

discovery rule, but a rule of fairness and minimum prosecutorial obligation."[10] Upon investigating the contents of the October email, the government determined, and this Court agrees, that the statements were not *Brady* material.

Defendants state that their private investigator interviewed Agent Lusco on June 5, 2018, and Agent Lusco stated that the information relayed by Individual A was that he personally spoke with Brown and that Brown told him that he knew Perralta. This is contrary, however, to the email received by the government in October, and Defendants fail to provide any evidence or argument suggesting that the government was aware of the discrepancies in Agent Lusco's statements.[11] Accordingly, Defendants have not shown that the government has failed to provide *Brady* evidence.

### B. Motion to Compel

Defendants' Motion for Review of the Magistrate Judge's order denying their motion to compel seeks production of materials currently stored on a computer at the FBI, all substantive case communications, and any additional *Brady* material. Following oral argument on this motion, this Court held a status conference wherein the parties agreed to the production of some of the materials stored on the FBI computer. Accordingly, their first request is moot.

As for Defendants' other requests, the magistrate judge found that the government has met its discovery obligations and has produced or allowed the inspection of all relevant and exculpatory documents in its possession at this

---

[10] United States v. Beasley, 576 F.2d 626, 630 (5th Cir. 1978).
[11] Although Defendant's counsel alluded to a March interview between Agent Lusco and the government at oral argument, no mention of such was made in the briefing and no evidence was included to suggest that such an interview took place.

time. Defendants have not given this Court any reason to believe otherwise, as indicated above. That said, the Court reminds the government of its ongoing discovery obligations and directs it to continue to produce *Brady* material expeditiously. The government is cautioned that it should proceed with care in determining whether material is in fact *Brady*. To the extent that the government fails to disclose or request in camera inspection of potential *Brady* material, it proceeds at its own peril.

### C. Bill of Particulars

Defendants next ask this Court to reverse the magistrate judge's denial of a bill of particulars. "The purpose of a bill of particulars is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense."[12] "A defendant should not use the Bill of Particulars to obtain a detailed disclosure of the government's evidence prior to trial."[13] Criminal defendants "are not entitled to discover all the overt acts that might be proved at trial" through a bill of particulars.[14] "A defendant possesses no right to a bill of particulars."[15] The Court must decide whether to grant or deny a motion for a bill of particulars with reference to the specific circumstances of this case.[16] A court abuses its discretion in denying a motion for

---

[12] United States v. Kirkham, 129 F. App'x 61, 72 (5th Cir. 2005) (citing United States v. Montemayor, 703 F.2d 109, 117 (5th Cir. 1983)); *see also, e.g.*, United States v. Mackey, 551 F.2d 967, 970 (5th Cir. 1977) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution.").

[13] United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978) (internal quotation marks and citation omitted).

[14] *Id.*

[15] United States v. Burgin, 621 F.3d 1352, 1358 (5th Cir. 1980).

[16] *See, e.g.*, United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978).

a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights.[17]

Defendants seek a bill of particulars in relation to Counts 8 through 11, which they allege charge various offenses alleging conversions of unnamed property from unnamed individuals on unnamed dates. The magistrate judge held that the Superseding Indictment, in combination with the voluminous discovery produced by the government, was sufficient to "inform defendants of the charges against them with sufficient particularity to reduce surprise at trial, to enable adequate defense preparation with the exercise of due diligence, and to allow defendants to plead double jeopardy."[18] This Court agrees. Counts 8 through 11 of the Superseding Indictment provide sufficient information for Defendants to prepare a defense, including precise dates, names of co-conspirators, amounts of currency, and the initials of those whose property it alleges was taken or whose criminal case was involved. Accordingly, Defendants are not entitled to a bill of particulars.

**D. Motion to Dismiss**

Finally, Defendants ask this Court to dismiss the Superseding Indictment against them on three grounds: (1) prosecutorial misconduct, (2) outrageous government conduct, and (3) error in the grand jury proceeding. Dismissal of an indictment is appropriate only if it is established that a violation "substantially influenced the grand jury's decision to indict, or if there

---

[17] *See* United States v. Hughes, 817 F.2d 268, 272 (5th Cir. 1987).
[18] Doc. 84.

is 'grave doubt' that the decision to indict was free from the substantial influence of such violations."[19]

Although couched in different terms, Defendants' arguments all hinge on the alleged *Brady* violation discredited above. Defendants argue that the Superseding Indictment should be dismissed because the government actively concealed information regarding the statement of Individual A from the grand jury and such improper conduct substantially influenced the grand jury's decision to indict. Even if Defendants were successful in convincing this Court that the government has withheld exculpatory information, their arguments for dismissal would still fail. The Supreme Court has clearly held that the government is under no obligation to present exculpatory evidence to the grand jury.[20] "It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge. That has always been so; and to make the assessment it has always been thought sufficient to hear only the prosecutor's side."[21] Absent perjury or government misconduct, an indictment is not flawed "simply because it is based on testimony that may later prove to be questionable."[22] Accordingly, the government's failure to disclose the statement of Individual A to the grand jury, even if the statement was exculpatory, was not a violation upon which dismissal could be granted.

---

[19] *Cessa*, 861 F.3d at 141 (quoting *Bank of Nova Scotia*, 487 U.S. at 254).
[20] United States v. Williams, 504 U.S. 36, 52 (1992).
[21] *Id.* at 51.
[22] *Cessa*, 861 F.3d at 142.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions are DENIED.

New Orleans, Louisiana this 31st day of July, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**