# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-181** |
| **CHAD SCOTT ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Chad Scott's Motion for Misjoinder and Severance of Offenses, joined by Defendant Rodney Gemar (Docs. 122, 124). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Defendants Chad Scott, a former DEA special agent, and Rodney Gemar, a former DEA Task Force Officer and member of the Hammond Police Department, were charged by Superseding Indictment in May 2018 with multiple counts. Specifically, Counts 1 and 2 charge Scott with falsifying the location of the lawful forfeiture of a 2013 Ford F-150 on July 28, 2014 ("the truck forfeiture counts"); Counts 3 through 7 charge Scott with various perjury and obstruction of justice charges arising out of the narcotics prosecution and

1

trial of Jorge Perralta in January 2016 ("the Perralta trial counts"); and Counts 8 through 14 charge Scott and/or Gemar with the conversion of certain property subject to forfeiture ("the conversion counts").

Defendants now move for a severance of the trial of these charges, arguing that the charges are separate and distinct acts that are improperly joined. Defendants seek to have one trial on the truck forfeiture counts, one on the Perralta trial counts, and one on the conversion counts. The Government opposes this Motion. Oral argument was held on November 5, 2018.

## LAW AND ANALYSIS

The parties agree that Federal Rule of Criminal Procedure 8(b) applies to the joinder of the charges in this matter. Indeed, "[t]he weight of authority directs that Rule 8(b) only is determinative of joinder when multiple defendants are charged."[1] Rule 8(b) permits the joinder of two or more defendants in the same action if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transaction, constituting an offense or offenses."[2] "Whether or not separate offenses are part of a 'series of acts or transactions' under 8(b) depends in turn on the relatedness of the facts underlying each offense."[3] "Because Rule 8(b) is broadly construed in favor of joinder, the question presented is whether the indictment charges a series of acts unified by some substantial identity of facts or participants."[4]

---

[1] United States v. Fazzio, No. 11-157, 2013 WL 818888, at *2 (E.D. La. Mar. 5, 2013).
[2] Fed. R. Crim. Pro. 8(b).
[3] United States v. Gentile, 495 F.2d 626, 630 (5th Cir. 1974).
[4] United States v. Crinel, No. 15-61, 2015 WL 3447120, at *2 (E.D. La. May 28, 2015) (internal quotation omitted).

Defendants argue that the underlying facts of each set of charges—the truck forfeiture in 2014, the Perralta trial in 2016, and the conversion charges—are unrelated and often separated by several years. They also point out that there is no overarching conspiracy charge. The Government argues that the charges are connected by the common fact that the Defendants used their positions as law enforcement officers to steal, lie, and hide information for personal benefit. It argues that the charges represent a unified scheme of corruption in the same group of the New Orleans DEA.

"Whether joinder is proper is normally determined from the allegations in the indictment."[5] Here, the Superseding Indictment alleges in Counts 1 and 2 that on or about July 28, 2014, Scott made false representations in a DEA Seizure/FIRE Form and a DEA Form-6 Report regarding where and how he took possession of a 2013 Ford F-150 from Frederick Brown. This falsification was allegedly made to obstruct and influence a DEA investigation. Count 3 charges that Scott obstructed the trial of *United States v. Jorge Perralta* by tampering with the testimony of Frederick Brown and Edwin Martinez and inducing them to testify falsely. In Counts 4 and 5, Scott is charged with perjury and obstruction of justice for his testimony regarding statements by Frederick Brown in a suppression hearing in the same matter. In Counts 6 and 7, Scott is charged with perjury and obstruction of justice for his testimony regarding statements by Frederick Brown in the trial of Jorge Perralta. Count 8 charges Scott and Gemar with a conspiracy spanning from February 2009 to January 2016 to convert property of another and remove property to prevent

---

[5] United States v. McRae, 702 F.3d 806, 820 (5th Cir. 2012) (internal quotation omitted).

seizure. It alleges that Defendants conspired to enrich themselves by converting or disposing of money and property that came into their possession by virtue of their positions as DEA officers. Counts 9 and 10 charge Scott and Gemar with substantive counts of conversion and removal of property occurring on January 26, 2016. In Count 11, Scott is charged with seeking and receiving an illegal gratuity in exchange for recommending to federal prosecutors that the government seek to reduce the sentence of a defendant, J.W. In Count 12, Gemar is charged with conspiracy to convert property of another and remove property to prevent seizure from June 6, 2014 to June 19, 2014, relating to the seizure of a large sum of money from J.G. In Counts 13 and 14, Gemar is charge with substantive counts of conversion and removal of property relating to the amount seized from J.G.

In reviewing the allegations of the Superseding Indictment, it seems clear that Counts 1 through 7 share a substantial overlap of underlying facts in that they each relate to Scott's interactions with Frederick Brown. It is also equally clear that the Superseding Indictment contains no allegations linking Counts 8 through 14 to the prior seven counts. Indeed, at oral argument, the Government confirmed that, although they often occurred simultaneously, the acts of conversion did not pertain to the Perralta trial or Frederick Brown. The Government's contention—that the counts share background facts and relate to a unified scheme of corruption in Defendants' group of the New Orleans DEA—is insufficient to warrant joinder under a Rule 8(b) standard. Based on the allegations of the Superseding Indictment, it cannot be said that Gemar participated in the same series of acts as those alleged against Scott in the first

4

seven counts.[6] The only facts linking these sets of charges together are the Defendants' status as allegedly corrupt DEA agents.

In *U.S. v. Fazzio*, the court found the allegations of the indictment insufficient to join the trial under Rule 8(b) of two conspiracies that were linked only by the presence of one defendant and his modus operandi.[7] Defendant Dominick Fazzio served as the accountant in two different conspiracies in which he was alleged to have committed various fraudulent acts by abusing a position of expertise in accounting.[8] The court held that the similarities in the conspiracies were insufficient to join the trials under Rule 8(b) where the conspiracies were otherwise unrelated and had different participants and different overt acts.[9]

Here too, the Defendants' status as DEA agents who allegedly abused their positions to steal, lie, and hide information for personal benefit is insufficient, without more, to warrant joinder under Rule 8(b). The two sets of allegations are otherwise unrelated and allege different participants and different overt acts. The allegations of the first seven counts lack a substantial identity of facts and participants with the latter counts to justify joinder. These allegations are therefore misjoined and severance is appropriate.

---

[6] *See* United States v. Bova, 493 F.2d 33, 37 (5th Cir. 1974) (holding that it was error to deny severance when the indictment did not indicate that defendant had any involvement in or relationship to the third and fourth counts).

[7] United States v. Fazzio, No. 11-157, 2013 WL 818888, at *2 (E.D. La. Mar. 5, 2013).

[8] *Id.*

[9] *Id.*

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is GRANTED IN PART. The trial of Counts 1 though 7 is SEVERED from the trial of Counts 8 through 14.

IT IS ORDERED that Counts 1 through 7 against Chad Scott shall be SET for trial on January 22, 2019.

IT IS FURTHER ORDERED that a status conference is SET on December 18, 2018 at 2:00p.m. to select a date for the trial of Counts 8 through 14 against Chad Scott and Rodney Gemar.

New Orleans, Louisiana this 5th day of December, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**