# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-181** |
| **CHAD SCOTT ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are the Government's Notice of Intent to Use Extrinsic Evidence Pursuant to 404(b) (Doc. 138) and Defendant Chad Scott's Response thereto (Doc. 157).

## BACKGROUND

Defendants Chad Scott, a former DEA special agent, and Rodney Gemar, a former DEA Task Force Officer and member of the Hammond Police Department, were charged by Superseding Indictment in May 2018 with multiple counts. Specifically, Counts 1 and 2 charge Scott with falsifying the location of the lawful forfeiture of a 2013 Ford F-150; Counts 3 through 7 charge Scott with various perjury and obstruction of justice charges arising out of the narcotics prosecution and trial of Jorge Perralta in January 2016; and

1

Counts 8 through 14 charge Scott and/or Gemar with the conversion of certain property subject to forfeiture. This Court recently severed the trial of Counts 1 through 7 against Scott from Counts 8 through 14 against Scott and Gemar.

Prior to the severance, the Government filed a Notice of Intent to Use Extrinsic Evidence Pursuant to 404(b), outlining extrinsic evidence it seeks to introduce against Chad Scott relating to three distinct events. Defendant Scott has responded, opposing introduction of this evidence at trial. This Court will discuss each event in turn.

## LAW AND ANALYSIS

Rule 404(b) provides that extrinsic "evidence of a crime, wrong, or other act," though not admissible to prove character, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[1] "It is unnecessary that the extrinsic evidence fit neatly under one of the exceptions listed in Rule 404(b), as this list is not exhaustive."[2] The following test, as articulated in *United States v. Beechum*, must be satisfied for evidence to be admissible under rule 404(b):

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice.[3]

"[A]s a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed the

---

[1] FED. R. EVID. 404(b).
[2] United States v. Ebron, 683 F.3d 105, 131 (5th Cir. 2012).
[3] *Id.* at 132 (quoting United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)).

offense. If the proof is insufficient, the judge must exclude the evidence because it is irrelevant."[4] To determine whether the evidence satisfies the second prong, a court must consider the extent to which the defendant's unlawful intent is established by the other evidence, the overall similarity of the extrinsic and charged evidence, and how much time separates the extrinsic and charged offenses.[5]

### A. 1999 Rap-A-Lot Arrest

First, the Government seeks to introduce evidence regarding a questionable 1999 traffic stop, arrest, and detention of employees of Rap-A-Lot records in which Scott took part as a DEA agent. The Government presents evidence indicating that Scott mishandled evidence and made false statements to DEA investigators in connection with the incident. Specifically, they allege that Scott removed a necklace belonging to an arrestee, failed to follow DEA evidence policy, and then lied to DEA investigators about how he obtained the necklace.

The Government first asserts that this evidence is relevant to Scott's intent, motive, and knowledge with respect to Counts 8 through 10, which concern the mishandling of evidence. These counts have been severed from the trial of Counts 1 through 7, and this Court therefore defers consideration of the admissibility of extrinsic evidence in the trial of Counts 8 through 14.

The Government next argues that evidence that Scott lied to investigators about how he obtained the necklace should be admissible to show

---

[4] United States v. Floyd, 343 F.3d 363, 368 (5th Cir. 2003) (internal quotations omitted).

[5] *Beechum*, 582 F.2d at 911.

3

intent and knowledge as to Counts 1 through 7. It argues that Scott lied with the intent to impede the DEA investigators' factfinding process in a federal investigation and to influence the outcome of an official proceeding. The Government contends therefore that Scott's mindset in making false statements during the 1999 investigation was the same as in making the false statements in this case.

Counts 1 and 2 require the government to prove that Scott falsified government records with the intent to obstruct a DEA investigation. Counts 3, 5, and 7 require that the government prove that Scott obstructed a judicial proceeding. Counts 4 and 6 require that it prove that he knowingly made a false declaration under oath in a judicial proceeding. The Government argues that Scott's prior false statements to DEA investigators are relevant to proving Defendant's intent to impede an investigation in Counts 1, 2, 3, 5, and 7, as well as his intent to knowingly make a false statement in Counts 4 and 6.

This Court finds the false statements made in 1999 to be insufficiently probative to outweigh their prejudicial value. In determining the probative value of extrinsic evidence, the Court must consider the overall similarity of the extrinsic and charged evidence and how much time separates the extrinsic and charged offenses.[6] Here, the offenses are separated by nearly 20 years and are not sufficiently similar to overcome this vast time gap. Indeed, "temporal remoteness depreciates the probity of the extrinsic offense."[7] This Court finds that false statements made in an internal DEA investigation are too dissimilar to false statements made in written forms or under oath in a judicial

---

[6] *Id.*
[7] *Id.* at 915.

proceeding to be more probative than prejudicial of Defendant's knowledge and intent here.

## B. 2004 Administrative Counseling for Misuse of Confidential Informants

The Government next seeks to introduce evidence that Defendant was formally reprimanded in 2004 for his handling of confidential informants. It contends that this extrinsic evidence is relevant to prove knowledge, plan, preparation, and absence of mistake in Counts 1 through 7. With respect to these counts, the Government will seek to prove that Defendant failed to follow DEA policies with respect to certain informants at issue here. The Court finds this evidence to be both relevant and probative. The extrinsic evidence shows that Defendant was aware of DEA policies on the handling of informants, making it more likely that the policy failures in the present case were knowing and intentional.[8] The Court finds this extrinsic evidence to be admissible under Rule 404(b).

## C. 2005 Solicitation of Fabricated Story from Julius Cerdes

Finally, the Government intends to introduce evidence that in 2005 Defendant sought to induce another criminal defendant, Julius Cerdes, to give a false statement. It contends that this evidence is relevant to show plan, preparation, and intent for Counts 3 through 7, in which it is alleged that Scott induced a criminal defendant, Frederick Brown, to give false testimony. The Government, however, fails to satisfy the first prong of *Beechum* in that it has

---

[8] Because the Government does not seek to introduce statements made by Defendant in the investigations that led to these reprimands, Defendant's arguments regarding compelled statements under *Garrity* and *Kalkines* need not be addressed. *See* Garrity v. New Jersey, 385 U.S. 493, 500 (1967); Kalkines v. United States, 473 F.2d 1391, 1393 (Ct. Cl. 1973).

offered no proof to this Court demonstrating that the defendant committed the offense.

"Evidence is admissible under Rule 404(b) only if it is relevant. . . . In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor."[9] Accordingly, the court must examine all the evidence and decide "whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence."[10] The Government has provided this Court with no evidence, save its representations of Cerde's anticipated testimony, upon which this Court can examine the relevancy of the extrinsic evidence. Accordingly, a decision on the admissibility of this extrinsic evidence is deferred to trial.[11]

## **CONCLUSION**

For the foregoing reasons and limited to the trial of Counts 1 through 7, the Government shall be permitted to introduce extrinsic evidence under Rule 404(b) regarding prior counseling of Defendant Scott for mishandling confidential informants. It shall not be permitted to introduce extrinsic evidence related to the Rap-A-Lot arrest. Finally, a decision regarding the

---

[9] Huddleston v. United States, 485 U.S. 681, 689 (1988).
[10] *Id*.
[11] "Often the trial court may decide to allow the proponent to introduce evidence concerning a similar act, and at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding. If the proponent has failed to meet this minimal standard of proof, the trial court must instruct the jury to disregard the evidence." *Id*. at 690. "[T]here is no requirement that the trial court make a preliminary finding that the party committed the act-here, made the threat-before initially admitting evidence of the act or threat." United States v. Cooper, 314 F. App'x 729, 730 (5th Cir. 2009).

admissibility of evidence related to the inducement of false testimony from Julius Cerdes is deferred to trial.

New Orleans, Louisiana this 2nd day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**