# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-181** |
| **CHAD SCOTT** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Chad Scott's Second Motion to Dismiss the Indictment (Doc. 219). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendants Chad Scott, a former DEA Special Agent, and Rodney Gemar, a former DEA Task Force Officer and member of the Hammond Police Department, were charged by Superseding Indictment in May 2018 with multiple counts. Beginning on January 22, 2019, a trial was held on Counts 1 through 7 against Chad Scott. The trial ended in a mistrial on February 4, 2019. A retrial is scheduled to begin on August 19, 2019.

Subsequent to the trial Defendant Chad Scott filed the instant Motion to Dismiss the Indictment because of alleged witness intimidation and retaliation

1

following the testimony of defense witness James "Skip" Sewell. The Government opposes this Motion. The Court held an evidentiary hearing on March 6 and 8, 2019, regarding the allegations set forth in Defendant's Motion.

## **BACKGROUND**

Defendant seeks a dismissal of the indictment claiming that his witness, Skip Sewell, was intimidated and retaliated against by the Government after he testified on Defendant's behalf. Specifically, Defendant's Motion states that Sewell was terminated from the DEA Task Force within days of his testimony. Defendant also argues that an individual, identified as "Expert A," who had tentatively agreed to serve in his retrial as an expert on DEA asset forfeiture now refuses to testify because he or she fears similar retaliation.

Considering the evidence taken at the evidentiary hearing and a sealed, in-chambers hearing thereafter, the Court finds the relevant facts to be as follows. Skip Sewell, a retired DEA Special Agent, testified in the trial of Chad Scott on January 30, 2019. As part of his testimony, Sewell stated that after retiring from the DEA in December 2017, he began working for the district attorney in St. Tammany Parish and was at the time of trial approved as a DEA Task Force Officer ("TFO").

The evidentiary hearing revealed that at the time of his retirement Sewell was on limited duty status. However, Sewell in good faith believed that he retired in good standing from the DEA. This belief was reasonable in light of a series of errors made by DEA Headquarters and Sewell's local supervisor. Upon his retirement, Sewell received from DEA Headquarters all the credentials and effects suggesting, and indeed expressly indicating, that he

2

had retired in good standing. This issuance was, however, made in error because Sewell was on limited duty status at the time of his retirement.

In reliance on this error, Sewell indicated on his application to be a TFO with St. Tammany Parish that he had retired in good standing. This inaccurate statement led to the misprocessing of his TFO application, and his file with the DEA Office of Professional Responsibility was not pulled for review in conjunction with his application. Sewell was thereafter given a waiver to serve as a TFO, pending a completed background check.

This information came to the attention of certain persons at the DEA as a result of Sewell's testimony in the trial of Defendant Chad Scott. Upon review, the aforementioned processing errors were identified, and the processing of Sewell's application was paused. In addition, the waiver allowing Sewell to begin work as a TFO pending a background check was withdrawn. At the time of the evidentiary hearing, Sewell's application was on hold but no decision had been made regarding whether he would or would not be approved as a TFO. Sewell testified that despite the ramifications of his earlier testimony, he would testify on Defendant's behalf at his retrial and his testimony would remain the same.

News of the withdrawal of Sewell's waiver to work as a TFO shortly after testifying in Defendant's trial became well known in the local DEA community. However, Expert A testified in a sealed, in-chambers hearing that he or she does not fear retaliation and had not agreed to serve as an asset forfeiture expert for Defendant.

## LAW AND ANALYSIS

"The Supreme Court has held that the Sixth Amendment right to compulsory process guarantees a criminal defendant the right to present witnesses to establish his defense. . . . [S]ubstantial governmental interference with a defense witness' choice to testify may violate the due process rights of the defendant."[1] Accordingly, the Fifth Circuit has "explained that to demonstrate governmental infringement on these Sixth Amendment rights, the defendant must show that the government's conduct interfered substantially with a witness's free and unhampered choice to testify."[2] The defendant bears the burden of showing that testimony would have been different but for the government's actions."[3] "[A]bsent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate."[4]

Defendant has not carried his burden to show that the government's conduct interfered substantially with a witness's choice to testify in his defense or that he was prejudiced by such. Although the Court can see that the timing of the actions taken against Sewell by the DEA would reasonably raise suspicion, this Court did not find that any actions were taken with an intent to intimidate or retaliate against Sewell as a result of his testimony in

---

[1] United States v. Whittington, 783 F.2d 1210, 1218–19 (5th Cir. 1986) (citing Washington v. Texas, 388 U.S. 14, 17–19 (1967).
[2] United States v. Skilling, 554 F.3d 529, 567 (5th Cir. 2009), *aff'd in part, vacated in part on other grounds, remanded*, 561 U.S. 358 (2010).
[3] United States v. Thompson, 130 F.3d 676, 687 (5th Cir. 1997).
[4] United States v. Morrison, 449 U.S. 361, 365 (1981).

Defendant's trial.[5] Rather, Sewell's testimony brought to light an apparent error made by the DEA in approving his status as a DEA TFO. Further, Defendant has not shown that the government's actions substantially interfered with Sewell's testimony or his decision to testify in Defendant's retrial.

Likewise, Defendant has not shown that the government's actions substantially interfered with the free choice of Expert A to testify in his defense. Rather, it was apparent to this Court that Expert A simply did not want to involve himself in Defendant's trial. "No right of a defendant is violated when a potential witness freely chooses not to talk to defense counsel."[6]

The facts at issue here are easily distinguishable from the case relied upon by Defendant, *United States v. Smith*.[7] In *Smith*, the court dismissed the indictment because state police officers contacted defense witnesses after they had testified in the defendant's federal criminal trial under the guise of a perjury investigation and intimidated and threatened them to "tell the truth."[8] The trial resulted in a mistrial, and a retrial, as well as a state court trial, was possible. Because at least one witness stated that she would not testify at the defendant's retrial, the court found that the defendant was prejudiced by the conduct of the police officers.[9] Here, the actions of the government do not come

---

[5] *See* United States v. Fricke, 684 F.2d 1126, 1130 (5th Cir. 1982) (holding that defendant's rights are not violated as long as the investigation of witnesses is not prompted by the possibility of the witnesses testifying and the government does not harass or threaten the witnesses).
[6] *Skilling*, 554 F.3d at 567 (internal quotations omitted).
[7] United States v. Smith, 577 F. Supp. 1232 (S.D. Ohio 1983).
[8] *Id.* at 1235.
[9] *Id.* at 1239.

close to the intimidation and harassment at issue in *Smith*, and no prejudice has been shown. Defendant is not entitled to a dismissal of the indictment.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is DENIED.

New Orleans, Louisiana this 15th day of March, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**