UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-181-JTM-DMD |
| VERSUS | * | SECTION: "H" |
| CHAD ALLEN SCOTT | * | |
| | * | |

\* \* \*

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL

**NOW INTO COURT** comes the United States of America, appearing through the undersigned Trial Attorneys, and respectfully submits this Response in Opposition to Defendant's Motion for a New Trial Based on Newly Discovered Evidence. Rec. Doc. 434. For the reasons detailed below, Defendant's Motion should be denied.

### I.     Factual and Procedural Background

Defendant is a former Drug Enforcement Administration ("DEA") special agent who was found guilty of seven criminal charges in a jury trial that ended on August 27, 2019. One of the Government's witnesses was Edwin Martinez, who testified that he was coerced by Defendant to lie in the 2016 trial of Jorge Peralta. Mr. Martinez was one of several witnesses whose testimony advanced the Government's case that Defendant perjured himself during Mr. Peralta's trial and instructed others to do the same.

On September 4, 2019—over a week after Defendant's trial ended—the United States Attorney's Office for the Eastern District of Louisiana and the Drug Enforcement Administration received information that an individual incarcerated at Plaquemines Parish Detention Center ("PPDC") wanted to provide information regarding Mr. Martinez and others. On September 10,

2019, after receiving more specific information, Tracey Knight, an Assistant United States Attorney for the Eastern District of Louisiana, informed the undersigned prosecutors of the accusations. The United States Attorney's Office then began an investigation. Ex. 1, at paras. 4, 6.

To determine the validity of these rumors, DEA special agents promptly interviewed five individuals incarcerated at PPDC. Three of the interviewees generally asserted that Mr. Martinez was involved in drug dealing and other misconduct in the jail. However, the details they provided were inconsistent. For instance, one inmate said that Mr. Martinez was selling suboxone and synthetic marijuana in the PPDC, but at no point did he state that he sold drugs on Mr. Martinez's behalf. *See* Rec. Doc. 435-1, Ex. B. Two other inmates claimed that the first interviewee was one of Mr. Martinez's subordinate drug dealers. Rec. Doc. 435-1, Ex. A, at para. 9; Rec. Doc. 435-1, Ex. C, at paras. 11-12. As another example, one inmate accused Mr. Martinez distributing suboxone, cocaine, heroin, and synthetic marijuana, Rec. Doc. 435-1, Ex. A, at para. 6, while another said that he had not seen heroin or cocaine being sold in PPDC. Rec. Doc. 435-1, Ex. B, at para. 9.

A fourth interviewee squarely contradicted these three inmates. This fourth witness said that there were no drugs in the part of the jail he and Mr. Martinez occupied, and he emphasized that he had not seen cocaine, heroin, or synthetic marijuana in the jail at any point. Ex. 1, at paras. 4, 15. The witness had no information suggesting that Mr. Martinez was involved in the sale of narcotics in PPDC, and he stated that Mr. Martinez did not use drugs. Ex. 2, at paras. 5, 20.[1]

---

[1] The Government provided Defendant with copies of all five reports discussed herein in the same discovery production. Defense counsel disclosed to the Court copies of the four other reports produced by the Government but chose not to share this one. Defendant also ignored this report entirely in his memorandum in support of the motion for new trial. For the sake of completeness, the Government now shares this report with the Court.

After the other four interviews, Mr. Martinez was also interviewed. He acknowledged having used suboxone while in PPDC, but at no point did he state that he sold it or oversaw drug distribution. *See* Rec. Doc. 435-1, at 4. His statements substantially controverted those of the three inmates who made allegations against him.

These interviews were conducted between September 17 and October 1, 2019. Shortly thereafter, the U.S. Attorney's Office determined there was insufficient evidence to charge Mr. Martinez. Ex. 1, at para. 12. The reports were subsequently provided to the undersigned prosecutors, who disclosed them to defense counsel.

Defendant then filed the instant Motion, leveling baseless accusations in an effort to make it appear that the unsubstantiated and conflicting statements against Mr. Martinez somehow warrant a new trial. They do not. In fact, all applicable law—including much that Defendant blithely ignores—indicates that Defendant's allegations are entirely unmeritorious and should be summarily discarded. Defendant also makes empty allegations against the prosecution team in a misguided effort to conjure up a nonexistent discovery violation. These unsupported arguments should also be rejected.[2]

**II.     Legal Background**

    *a. New trials are disfavored and should only be granted if a defendant satisfies five specific prerequisites*

"Rule 33 motions are 'disfavored' and reviewed with 'great caution.'" *United States v. Pratt*, 807 F.3d 641, 645 (5th Cir. 2015) (quoting *United States v. Turner*, 674 F.3d 420, 429 (5th

---

[2] Defendant also includes arguments in this Motion that were made in his prior Motion for Judgment of Acquittal or, Alternatively, for a New Trial. Rec. Doc. 405. Specifically, Defendant includes his claim of error regarding the Court's ruling on admissibility of evidence during Defendant's cross examinations of Mr. Martinez and Mr. Newman. *See* Rec. Doc. 434-1, at 7-8, 10-11. These arguments simply rehash the prior Motion without any additional support. Accordingly, the Government relies its previous response without belaboring the issues here.

Cir. 2012)). "To receive a new trial under Rule 33 for newly discovered evidence, the defendant must satisfy the prerequisites of what is commonly referred to as the *Berry* rule." *United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011) (referencing *Berry v. Georgia,* 10 Ga. 511 (1851)). These five prerequisites are: "(1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to the defendant's lack of diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal." *Id.* All five of these prerequisites must be satisfied in order to receive a new trial. "If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied." *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004).

Although not categorized as an additional *Berry* prerequisite, a defendant must first satisfy the threshold issue of demonstrating that the newly discovered evidence would be admissible at trial. Analysis of a motion for new trial based on newly discovered evidence "presupposes, of course, that the proffered new 'evidence' would be admissible at the new trial." *United States v. Parker*, 903 F.2d 91, 102–03 (2d Cir. 1990)." If it is not, a new trial will not be allowed. "[A] new trial should not be granted based upon newly discovered evidence that would be inadmissible at trial." *United States v. Anderson*, 755 F.3d 782, 800 (5th Cir. 2014) (citing *Wall,* 389 F.3d at 470–71).

> b. *A due process violation is established only if the Government suppresses favorable, material evidence*

Due process requires that that Government disclose to a defendant all evidence material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To establish a *Brady* violation, "a defendant must show that: (1) evidence was suppressed; (2) the suppressed evidence

4

was favorable to the defense; and (3) the suppressed evidence was material to either guilt or punishment." *United States v. Runyan*, 290 F.3d 223, 245 (5th Cir. 2002). Evidence is material if "there is a reasonable probability that the outcome of the trial would have been different if the suppressed evidence had been disclosed to the defendant." *Id.* (internal quotation omitted). To establish a "reasonable probability," a defendant must demonstrate "that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

### III.     Disclosure of the Reports Does Not Warrant a New Trial

The Government's disclosure of the new reports here does not merit Defendant receiving a new trial. As discussed below, the reports and the allegations therein are improper impeachment evidence and could not be utilized for any legitimate trial purpose. Thus, Defendant cannot meet the threshold requirement of showing that the reports or the allegations are admissible in any way. He also fails to satisfy three of the five prerequisites of the *Berry* test detailed above, as the statements (1) are impeachment evidence only; (2) are immaterial; and (3) could not under any circumstances produce an acquittal.

#### a. The reports are inadmissible for all trial purposes and are not proper impeachment material

As an initial matter, "a motion for new trial may not be based on inadmissible evidence." *United States v. Chapman*, 851 F.3d 363, 382 (5th Cir. 2017) (quoting *Wall,* 389 F.3d at 470–71). Defendant's motion should thus be denied on this point alone without any further inquiry into the *Berry* factors. The reports at issue here and the allegations therein are not admissible evidence, nor are they proper impeachment material. Rather, they are inconsistent and unverifiable statements by out-of-court declarants about alleged bad acts—principally, drug use

5

and drug dealing—that have no bearing at all on Mr. Martinez's credibility as a witness. Even if these allegations had been made and the reports disclosed long before trial, they would still have had no impact on the proceedings, because they lack any evidentiary value.

Defendant suggests that the allegations in the reports about purported drug activity could have been used to impeach Mr. Martinez. *See* Rec. Doc. 434-1, at 8-12. This is wrong. The allegations made about Mr. Martinez's drug activities, even if true, do not implicate his credibility and are not proper matters on which he could be impeached.

"The purpose of impeachment is to challenge the credibility of a witness." *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985). One method by which a witness's credibility can be attacked is through "testimony about the witness's reputation for having a character for truthfulness or untruthfulness." FED. R. EVID. 608(a). The allegations against Mr. Martinez, which involve the use and sale of drugs, do not relate to his character for veracity. "Drug use is not probative of truthfulness." *United States v. McDonald*, 905 F.2d 871, 875 (5th Cir. 1990). Therefore, "general questions relating to drug use would be irrelevant." *United States v. Samples*, 897 F.2d 193, 197 (5th Cir. 1990). Similarly, "[a] person's past drug possession does not necessarily implicate dishonesty." *United States v. Galati*, 230 F.3d 254, 262 n. 5 (7th Cir. 2000); *see also United States v. Robinson*, 286 F. App'x 216, 220 (5th Cir. 2008) (drug possession misdemeanor not relevant for impeachment because "it did not involve an act of dishonesty or false statement"). Accordingly, questions about whether a witness has sold drugs are not relevant, as such inquiries are "not probative of [the witness's] truthfulness." *United States v. Williams*, 822 F.2d 512, 516–17 (5th Cir. 1987).[3]

---

[3] The Government recognizes that a witness's drug use is relevant "when the use of drugs affects the witness's ability to testify at trial or affected his ability perceive the underlying events." *United States v. Hudson*, No. CRIM.A. 09-171, 2011 WL 5357902, at *2 (E.D. La. Nov. 7, 2011). In this case, there is no evidence to suggest

6

Defense counsel implies he would have attacked Mr. Martinez on cross-examination by referencing the unproven bad acts Mr. Martinez is alleged to have committed. *See* Rec. Doc. 434-1, at 11 (stating that "Martinez would have been laughed off the witness stand" if confronted with the drug-related allegations). This line of questioning would be improper. By rule, unless a prior bad act results in a felony conviction, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b).

The Fifth Circuit adheres to Rule 608(b)'s prohibition on improper impeachment. "[T]he well-established rule in this circuit" is "that a witness may not be impeached by inquiry about specific acts of misconduct not resulting in a conviction." *United States v. Park*, 525 F.2d 1279, 1284 (5th Cir. 1976) (internal quotations omitted); *see also United States v. Klein*, 560 F.2d 1236, 1239 (5th Cir. 1977) ("It is a well settled rule of law that only previous convictions, and not previous acts of misconduct not resulting in conviction, can be used for impeachment purposes.") (quoting *United States v. Turner*, 497 F.2d 406, 407 (10th Cir. 1974)).

Mr. Martinez was not convicted of engaging in any criminal activity in PPDC—indeed, the investigation into this purported misconduct has been closed, and no charges were brought against him. The unsubstantiated allegations made against him cannot be used to impeach him. "As a general rule, extrinsic evidence of other crimes is inadmissible to prove a defendant's bad character or criminal propensities." *United States v. Cox*, 536 F.2d 65, 70 (5th Cir. 1976).

Defendant asks the Court to grant a new trial due to the existence of hearsay statements about irrelevant matters that could not be utilized at trial for any legitimate purpose. This the Court should not do.

---

that Mr. Martinez was using any type of narcotic at the time of trial or that his testimony was affected in any way by drug use. Any suggestion otherwise is hollow speculation.

7

### b. *The reports relate solely to impeachment*

As explained above, the only conceptual purpose for which Defendant might use the statements in the reports is as part of an effort to improperly impeach Mr. Martinez. But a "new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." *Berry*, 10 Ga. at 513. Fifth Circuit law is clear that "evidence which merely discredits or impeaches a witnesses' testimony does not justify a new trial." *United States v. Blackthorne*, 378 F.3d 449, 455 (5th Cir. 2004) (quoting *United States v. Pena,* 949 F.2d 751, 758 (5th Cir.1991)).

Here, the evidence in question has no bearing on any factual issue at trial and could serve only to impeach Mr. Martinez. Indeed, Defendant provides no explanation of how the newly discovered reports might relate to his actual guilt or innocence, but asserts instead that the information is "important material impacting Martinez's credibility to the defense" and "is relevant to the witness's competency and credibility." Rec. Doc. 434-1, at 9. Accordingly, the only potential value of the reports is to serve as impeachment evidence. But "[i]mpeachment testimony normally is not a basis for granting a motion for new trial." *Wall*, 389 F.3d 457, 470 (collecting cases). Thus, Defendant's Motion should be denied.

### c. *The reports are not material*

Further, the hearsay reports and allegations are immaterial. "Evidence is material if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed." *United States v. Leach*, 514 F. App'x 425, 426 (5th Cir. 2013) (citing *United States v. Bagley,* 473 U.S. 667, 682 (1985)). As an example, evidence is material if "it goes to whether another person committed the acts of which the jury found [Defendant] guilty." *Piazza*, 647 F.3d at 569. That is not the case here. Rather, the evidence in question "goes merely

8

to impeach" and "does not rebut any of the physical evidence." *Pena*, 949 F.2d 751, 758–59 (5th Cir. 1991). Thus, it is not material. *Id.* at 758; *see also Chapman*, 851 F.3d at 382 ("hearsay evidence is not material because it is not admissible").

### d. The new information would not produce an acquittal

Additionally, there is no probability that the new information, if introduced at trial, would produce an acquittal. As described above, none of the information could be introduced at trial at all. It constitutes only improper impeachment evidence about topics that do not affect Mr. Martinez's credibility. "[A] motion for a new trial may not be based on inadmissible hearsay." *Miller v. United States*, No. 3:10CR163-SA, 2014 WL 12697349, at *1 (N.D. Miss. Aug. 4, 2014); *see also United States v. Neuman*, No. CRIM. 08-24, 2012 WL 1596908, at *4 (E.D. La. May 7, 2012) (same).

Inadmissible evidence cannot create a probability of acquittal. Indeed, "[t]o obtain a new trial on the basis of after discovered evidence, that evidence must be admissible in a new trial." *United States v. MacDonald*, 779 F.2d 962, 964 (4th Cir. 1985). In the present case, "[t]here is substantial doubt that these hearsay statements would be admissible." *Id.* Moreover, the evidence establishing Defendant's guilt was comprehensive, and these hearsay statements do not in any way contradict any of the pertinent facts. Thus, even if this information was admissible—which it is not—"in light of the overwhelming evidence of guilt, it would not have changed the jury's verdict in any event." *United States v. Geders*, 625 F.2d 31, 33 (5th Cir. 1980).

The newly disclosed reports are improper impeachment evidence, are immaterial, and would not change the outcome of the trial. As such, Defendant's Motion should be denied.

9

**IV.     Disclosure of the Reports Does Not Violate Any Discovery Obligations**

Defense counsel levels a number of provocative, but entirely baseless, allegations against the Government in a disappointing attempt to manufacture a discovery violation. *See* Rec. Doc. 434-1, at 10. The general nature of these accusations is that the Government knew of the purported misconduct discussed in the witness statements before trial but chose to withhold this information from Defendant. Defendant also alleges that the Government has somehow given Mr. Martinez immunity from the alleged criminal acts and preferential treatment in allowing the criminal acts to continue. These insinuations are untrue and are so devoid of factual underpinning as to be irresponsible. For the purposes of the instant Motion, the Government notes only that its disclosure of the new reports does not constitute a *Brady* violation, because (1) the Government did not suppress the reports; and (2) the reports are not material in any event. Therefore, Defendant's contention that the Government violated its discovery obligations must be rejected.

> *a. The Government could not suppress the information in the reports because this information did not exist at the time of trial*

"What the government does not know, it cannot suppress." *United States v. Dado*, No. 09-20523-09, 2013 WL 183997, at *8 (E.D. Mich. Jan. 17, 2013). Therefore, "[w]here the prosecutor had no actual or constructive possession of information, there can be no *Brady* violation for failure to disclose it." *Hollman v. Wilson*, 158 F.3d 177, 180 (3d Cir. 1998). In the present case, the first of the allegations was made by an inmate over one week after Defendant's trial concluded. None of the accusations against Mr. Martinez were known to the Government at the time of trial, so it would not have been possible for the Government to suppress them.

There can be no *Brady* violation here "because the government cannot suppress evidence that does not exist at the time of the trial." *United States v. Sanchez*, 251 F.3d 598, 603 (7th Cir. 2001); *see also Ganim v. United States*, No. CIV. 3:08CV1759 JBA, 2009 WL 5216950, at *8 (D. Conn. Dec. 30, 2009) ("because the report itself did not exist until after [a defendant's] trial, the Government obviously could not have turned it over before or during that trial," so there is no *Brady* issue).[4] The "evidence did not exist at the time of trial," so "it was not *Brady* material." *United States v. Jones*, 399 F.3d 640, 647 (6th Cir. 2005). Therefore, Defendant's Motion should be denied.

### b. The new reports are not material evidence

Moreover, as explained above, the allegations against Mr. Martinez are immaterial, inadmissible, and could not properly be utilized for any legitimate purpose at trial. The existence of these reports does not "put the case in such a different light as to undermine confidence in the verdict." *Kyles,* 514 U.S. at 435. Thus, even if these reports had been suppressed—which they were not—Defendant would still be unable to establish a *Brady* violation because the information is not material.

## V. Conclusion

Defendant has failed to show that the recently disclosed reports could have been used for any legitimate purpose at trial. These reports do not warrant a new trial, and disclosure of the

---

[4] The Government recognizes that it is obligated "to produce certain evidence actually or constructively in its possession or accessible to it in the interests of inherent fairness." *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980). Further, the Government understands that it "is deemed to have knowledge of information readily available to it." *Williams v. Whitley*, 940 F.2d 132, 133 (5th Cir. 1991). The Government briefly reiterates here that it had absolutely no knowledge of the allegations against Mr. Martinez until after trial concluded. Additionally, the Government asserts that there is no way these accusations—not voiced until September and not factually verifiable by federal agents—could have been readily available to the Government prior to trial.

reports does not constitute a discovery violation. As the facts of this issue are uncontroverted, a hearing is not necessary. For the foregoing reasons, Defendant's Motion for a New Trial Based on Newly Discovered Evidence should be DENIED.

Respectfully submitted,

Brian Benczkowski
Assistant Attorney General for the Criminal Division
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C § 515

*/s/Timothy A. Duree*
Charles A. Miracle (OH #67814)
Acting Deputy Chief
Timothy A. Duree (TX #24065179)
Trial Attorney
U.S. Department of Justice
Criminal Division
1400 New York Avenue, NW
Washington, DC 20005
(202) 616-2660
timothy.duree2@usdoj.gov
charles.miracle@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

       /s/Timothy A. Duree
       Timothy A. Duree
       Trial Attorney
       U.S. Department of Justice