UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-181** |
| **CHAD SCOTT** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendant's Motion for New Trial or Acquittal (Doc. 405) and Motion for New Trial based on Newly Discovered Evidence (Doc. 434). For the following reasons, the Motions are DENIED.

## BACKGROUND

Defendant Chad Scott, a former DEA special agent, was charged by Superseding Indictment in May 2018 with multiple counts. Counts 1 and 2 charge Scott with falsifying the location of the lawful forfeiture of a 2013 Ford F-150, and Counts 3 through 7 charge Scott with perjury and obstruction of justice arising out of the narcotics prosecution and trial of Jorge Perralta in January 2016. A jury trial was held on these seven counts against Defendant

1

Scott over several weeks in January and February of 2019. The trial resulted in a mistrial when the jury was unable to reach a unanimous verdict as to any count.[1] A new trial on these same counts was held in August 2019. On August 27, 2019, the jury found Defendant guilty of all seven counts.

Defendant now brings two, separate post-trial motions. In the first, he moves for (1) acquittal on Counts 1 and 2, arguing that the Government failed to prove all of the elements of the charge, and (2) a new trial on all charges in light of errors he argues were made by this Court during trial. In his second motion, Defendant seeks a new trial in light of evidence revealed to him by the Government for the first time on November 26, 2019. This Court will consider each motion in turn.

## **LEGAL STANDARD**

### A. Acquittal

Under Rule 29 of the Federal Rules of Criminal Procedure, a defendant may move for a "judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] To this end, the court must "review the evidence and the reasonable inferences which flow therefrom in the light most favorable to the verdict."[3] The court is "concerned only with whether the jury made a

---

[1] Doc. 209.
[2] Jackson v. Virginia, 443 U.S. 307, 319 (1979).
[3] United States v. Ramos-Cardenas, 524 F.3d 600, 605 (5th Cir. 2008) (internal quotations omitted).

2

rational decision, not whether its verdict was correct on the issue of guilt or innocence."[4]

### B. Motion for New Trial

Federal Rule of Criminal Procedure 33(a) states, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."[5] The Fifth Circuit has held "the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict. A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant."[6] The movant bears the burden of demonstrating that a new trial is justified.[7]

## LAW AND ANALYSIS

### A. Acquittal on Counts 1 and 2

In Counts 1 and 2 of the Superseding Indictment, the Government charged the Defendant with falsifying a document in a federal investigation in violation of 18 U.S.C. § 1519. To secure a conviction on these charges, the government was required to prove beyond a reasonable doubt: (1) that the defendant knowingly falsified or made a false entry in a document; (2) that the defendant acted with the intent to impede, obstruct, or influence the investigation or the proper administration of a matter; and (3) that the matter

---

[4] *Id.* (internal quotations omitted).
[5] FED. R. CRIM. P. 33.
[6] United States v. Wall, 389 F.3d 457, 466 (5th Cir. 2004).
[7] United States v. Soto-Silva, 129 F.3d 340, 343 (5th Cir. 1997).

was within the jurisdiction of the DEA, which is an agency the United States.[8] The government presented evidence that Defendant lied on two federal forms regarding the date, circumstances, and location of the forfeiture of an F-150 truck.

In conclusory fashion, Defendant asserts that the Government failed to carry its burden of proof as to each element. However, he presents argument only as to the second element, arguing that the evidence showed that the DEA's Administrative Forfeiture process was not "impeded, obstructed, or influenced" because the forfeiture forms met all of the legal requirements of an administrative forfeiture. First, the requirement is not that Defendant actually impeded an investigation, but rather, that he intended to do so. Even so, the Government's forfeiture expert, Vicky Rashid, testified that if the DEA's asset forfeiture office had known that the forms at issue contained false statements, it would have invalidated the forfeiture. Likewise, Will Glaspy, Special Agent in Charge of the DEA's Houston Field Division, testified that if the forms in question had accurately stated that Defendant obtained the F-150 in Houston, the DEA office in Houston would have learned of this action and of Defendant's source and could have used this information to fight crime in Southeast Texas. Accordingly, it cannot be said that no rational jury would have found that Defendant's false statements on the forfeiture forms were intended to influence a federal investigation. Defendant's request for acquittal is denied.

---

[8] Pattern Crim. Jury Instr. 5th Cir. 2.65 (2015).

**B. Motion for New Trial based on Error**

Defendant next argues that this Court made various erroneous rulings relating to the admissibility of evidence and testimony, necessitating a new trial. At the outset, Defendant chiefly complains about changes in evidentiary rulings between the first and second trials. Defendant argues that the law of the case doctrine should have applied to prohibit this Court from revisiting issues already ruled on in the first trial. According to the Fifth Circuit, the law of the case doctrine provides that, with some exceptions, "a decision of a legal issue or issues *by an appellate court* establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court."[9] Thus, the doctrine is limited to decisions made by an appellate court. Indeed, all of the cases cited by Defendant support this limitation.[10] Defendant has not cited this Court to any

---

[9] White v. Murtha, 377 F.2d 428, 431–32 (5th Cir.), opinion adhered to on denial of reh'g, 381 F.2d 34 (5th Cir. 1967); *see, e.g.*, K.P. v. LeBlanc, 729 F.3d 427, 436 (5th Cir. 2013) ("[T]he rule provides that 'an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.'").

[10] *See* Med. Ctr. Pharmacy v. Holder, 634 F.3d 830, 836 (5th Cir. 2011) (considering whether district court's decision on remand violated the law of the case doctrine); Carpa, Inc. v. Ward Foods, Inc., 567 F.2d 1316, 1319 (5th Cir. 1978), overruled by Copper Liquor, Inc. v. Adolph Coors Co., 701 F.2d 542 (5th Cir. 1983) (holding that law of case doctrine applied to prohibit reconsideration of issue decided on first appeal); Terrell v. Household Goods Carriers' Bureau, 494 F.2d 16, 19 (5th Cir. 1974) ("[T]he decision of [the appellate] court sitting en banc at an earlier stage of this same case represents the law of the case."); Diplomat Elec. Inc. v. Westinghouse Elec. Supply Co., 430 F.2d 38, 48 (5th Cir. 1970) (holding that decisions of law made on former appeal control trial court and appellate court, except as to clearly erroneous legal decision); Hodgson v. Brookhaven Gen. Hosp., 470 F.2d 729, 730 (5th Cir. 1972) (holding that prior appeal established law of the case that district court, on remand, was bound to follow); Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local No. 480, 460 F.2d 105, 107 (5th Cir. 1972) (holding that whatever before appellate court and disposed of by decree becomes law of the case); Gorsalitz v. Olin Mathieson Chem. Corp., 456 F.2d 180, 181 (5th Cir. 1972) (holding that question cannot be relitigated on appeal where settled by the law of the case of a prior appeal).

case indicating that a district court is bound by its prior evidentiary rulings. In fact, the Fifth Circuit has stated that a district court has continuing jurisdiction over its criminal cases and is "free to reconsider its own earlier decision[s]."[11] Accordingly, this Court's rulings in the second trial will be considered "on their own merit."[12]

### 1. Admissibility of 21 U.S.C. § 881(j)

First, Defendant argues that it was error to exclude from trial any reference to 21 U.S.C. § 881(j). Prior to the second trial, this Court excluded Defendant from making any reference to 21 U.S.C. § 881(j) in his defense on Counts 1 and 2. Defendant contends that § 881(j), which states that administrative forfeitures may proceed in multiple districts, applies in this case and should have been admitted to disprove the Government's assertion that the forfeiture of the truck could only have taken place in the Southern District of Texas. In so arguing, Defendant presents arguments already considered and rejected by this Court. For the reasons already explained in Record Document 335, reference to § 881(j) was properly excluded as irrelevant and misleading.

---

[11] United States v. Scott, 524 F.2d 465, 467 (5th Cir. 1975) (holding that district court did not abuse its discretion in reconsidering motion to suppress and reversing part of its prior order); *see also* FED. R. CIV. P. 54(b); Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) ("Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.").

[12] United States v. Whitfield, 590 F.3d 325, 360 (5th Cir. 2009) (holding that district court was not bound by evidentiary rulings in first trial).

### 2. Admissibility of Rebuttal Expert

Defendant next argues that the Court erred in allowing the Government to present the testimony of John Bryfonski as a rebuttal expert when the Government failed to disclose that expert to Defendant by the pretrial expert witness deadline. Defendant made this same objection on the record at trial. At trial, the Court allowed Bryfonski's testimony over Defendant's objection, explaining that "'[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements'" and limiting the expert's testimony to "only that which rebuts the evidence presented by the defense."[13] Despite this, Defendant again complains about the Government's failure to earlier disclose Bryfonski. Defendant does not, however, cite to any case holding that rebuttal experts must be disclosed in accordance with either Rule 16 or court-ordered expert disclosure deadlines. Indeed, by their very nature, rebuttal experts may not be necessary until the defense has presented its case. Defendant makes much ado about the fact that the Government met with Bryfonski months before trial. This does not change the fact that the Government did not plan to call him as a witness until it heard the evidence presented by Defendant. Accordingly, this Court does not find that it committed error in allowing the testimony of the Government's rebuttal expert.

### C. Limitation on Cross-Examination

Next, Defendant complains that the Court impermissibly limited his cross-examinations. Defendant complains generally that the Court relied on Federal Rule of Evidence 403 to limit Defendant's cross-examinations in ways

---

[13] Doc. 342 (quoting United States v. Windham, 489 F.2d 1389, 1392 (5th Cir. 1974)).

that it did not do in the first trial. With one exception, Defendant does not indicate what testimony was excluded in error. Instead, he states in conclusory fashion that the Court limited cross examination in the retrial, as compared to the original trial, of Frederick Brown, Karl Newman, Johnny Domingue, and Jorge Perralta. As discussed above, the Court was not bound by its rulings in the first trial, and without more specificity as to the testimony that he believes was limited in error, the Court cannot entertain Defendant's objection.

Defendant does present specific arguments as to limitations placed on his cross-examination of Edwin Martinez. First, he complains that it was error to prohibit him from discussing the assault of Elio Reyes with Martinez on cross-examination. The Court did not, however, prohibit such a discussion. Defendant was permitted to ask Martinez whether he personally observed Jorge Peralta threaten Elio Reyes. Defendant does not explain how further examination on this issue would have aided his defense.

Next, he complains that the Court prohibited defense counsel from using Martinez's trial testimony from the original trial to contradict his version of events at the retrial. The passage that Defendant sought to present for impeachment purposes, however, was misleading and taken out of context. There is no error in this Court's efforts to prevent defense counsel from misrepresenting Martinez's prior testimony. That said, Defendant chose to withdraw his question, and this Court did not enter a ruling prohibiting his use of the prior testimony.

### D. Alleged Violations of *Brady* and *Giglio*

Defendant next argues that the Government violated its discovery obligations in three ways, necessitating a new trial. First, he argues that the

8

Government violated *Brady* when it failed to disclose comments made by its witness, Karl Newman, that "the FBI wanted to hear a story that implicated Chad Scott" regardless of "whether it was true or not." Under *Brady*, the government is required to disclose favorable evidence in its possession prior to conviction.[14] Defendant has not offered any evidence that this statement was in the Government's possession prior to conviction. Defendant has not, therefore, established a *Brady* violation.

Second, Defendant argues that the Government violated *Giglio* when it failed to disclose preferential treatment given to Newman before trial. Specifically, Defendant states that after the mistrial but before the second trial, all of the inmates in Newman's dormitory, except Newman, were removed. The Government offers no defense to this argument except to say that the contention is "patently false."[15]

*Giglio* applies the *Brady* rule to evidence affecting the credibility of key government witnesses.[16] "When a defendant seeks a new trial on the basis of a *Brady* violation, he must show that (1) the prosecution did not disclose the evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material."[17] "Evidence is 'material' if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."[18] Defendant has made no effort to show that the alleged preferential treatment of Newman was material or that it would have

---

[14] Brady v. Maryland, 373 U.S. 83 (1963); United States v. Stanford, 823 F.3d 814, 841 (5th Cir. 2016).
[15] Doc 420.
[16] United States v. Davis, 609 F.3d 663, 696 (5th Cir. 2010).
[17] *Id.*
[18] *Id.*

affected the outcome of his trial. "[W]hen the testimony of the witness who might have been impeached by the undisclosed evidence is strongly corroborated by additional evidence supporting a guilty verdict, the undisclosed evidence generally is not found to be material."[19] This Court finds that there was sufficient evidence to support Defendant's conviction and that it is not probable that this information would have affected the outcome of the trial. Specifically, Defendant's conviction was supported by the cell site data and the testimonies of Frederick Brown, Edwin Martinez, Jorge Peralta, and Johnny Domingue. Accordingly, Defendant has failed to carry his burden to show a new trial is warranted.[20]

Finally, Defendant complains that the Government failed to disclose Newman's use of anti-depressant medication. It was revealed at trial that Newman was prescribed Lexapro, but this Court prohibited Defendant from questioning Newman regarding its side effects, such as memory loss. Even assuming that the Government should have disclosed Newman's Lexapro use, it was revealed in open court and therefore Defendant was not prejudiced by its suppression. Likewise, Defendant was not prejudiced by his inability to cross-examine Newman regarding Lexapro's side effects where Defendant still has not shown that Newman suffered any.

### E. Government's Closing Argument

---

[19] United States v. Sipe, 388 F.3d 471, 478 (5th Cir. 2004).
[20] For the same reasons, Defendant's request for an evidentiary hearing on this issue is denied. Further, "[t]he law of this circuit is well established that a motion for new trial may ordinarily be decided upon affidavits without an evidentiary hearing." United States v. Mahmood, 820 F.3d 177, 190 (5th Cir. 2016).

Finally, Defendant argues that the Government made an erroneous statement of the law in its rebuttal closing argument, necessitating a new trial. In concluding its rebuttal argument, the Government stated, "It is your duty to find the defendant guilty."[21] Defendant objected immediately. In response to the objection, the Court instructed the jury: "Ladies and gentlemen, before I begin my jury charge to you, I wish to advise you that you have no duty to render a particular verdict. Your duty is to listen to the law as instructed by the Court and to follow these instructions."[22]

Defendant now argues that the Government's argument was plain error necessitating the reversal of his conviction. However, when viewed in context, this Court finds that the Government's argument was not improper. The prosecutor argued in full, "The government has proven its case beyond a reasonable doubt on each and every count. It is your duty to find the defendant guilty."[23] Thus, when "[r]ead in context, the prosecutor was arguing that, if the jury finds that the prosecution has met its burden of proving the elements beyond a reasonable doubt, then it is the jury's duty to convict. Understood in that way, the prosecutor's statement is clearly proper."[24] Further, any impropriety in the Government's argument was remedied by this Court's correction. Accordingly, reversal is not warranted.

**C. Motion for New Trial based on New Evidence**

---

[21] Doc. 367 at 1513.

[22] *Id.* at 1518.
[23] *Id.* at 1513.
[24] United States v. Gomez, 725 F.3d 1121, 1131 (9th Cir. 2013); *see also* United States v. Garcia, 887 F.3d 205, 211 (5th Cir. 2018).

In Defendant's second Motion for New Trial, he argues that a new trial is warranted based on evidence revealed to him for the first time by the Government after he was found guilty on August 27, 2019. On November 26, 2019, the Government produced to Defendant reports created as a result of interviews with four inmates housed with trial witness, Edwin Martinez, that took place between September 17 and October 1, 2019. According to the reports, one or more of the inmates relayed the following allegations that Defendant deems relevant: (1) Martinez had been trafficking and using narcotics while in federal custody during the time that he prepared for and testified in the trials against Defendant; (2) Martinez told fellow inmates that he was "getting out for providing cooperation against a DEA Agent;" (3) Martinez intends to have his former wife/girlfriend murdered when he is released from prison; and (4) Martinez has multiple cellphones for his personal use while in custody. Martinez was also interviewed and admitted using Suboxone while incarcerated but denied any involvement in the sale of drugs. Defendant argues that this information warrants a new trial because it affects Martinez's credibility as a witness or contradicts statements he made at trial.

To succeed on a Motion for New Trial based on newly discovered evidence, a defendant must show that:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.[25]

---

[25] *Wall*, 389 F.3d at 467.

Failure to satisfy one part of this test requires denial of the motion for new trial.[26] Further, "[m]otions for new trial based on newly discovered evidence are disfavored and reviewed with great caution."[27]

As the Government points out, Defendant does not identify any purpose served by this newly disclosed evidence other than impeachment. Defendant argues only that the information in the reports, such as drug use and bad acts, impacts Martinez's credibility as a witness. He also argues that Martinez's statement that he is "getting out" for cooperating against a DEA agent contradicts statements Martinez made at trial regarding his motivation for testifying.

It is well-settled that "evidence which merely discredits or impeaches a witness'[s] testimony does not justify a new trial."[28] Likewise, the Fifth Circuit has held that a new trial is not warranted when new evidence does not relate to the Defendant's culpability but instead "serves only to attack the veracity"

---

[26] United States v. Pena, 949 F.2d 751, 758 (5th Cir. 1991).

[27] *Wall*, 389 F.3d at 467 (internal quotations omitted).

[28] *Pena*, 949 F.2d at 758; *see* Mesarosh v. United States, 352 U.S. 1, 9 (1956) ("It must be remembered that we are not dealing here with a motion for a new trial initiated by the defense, under Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., presenting untruthful statements by a Government witness subsequent to the trial as newly discovered evidence affecting his credibility at the trial. Such an allegation by the defense ordinarily will not support a motion for a new trial, because new evidence which is 'merely cumulative or impeaching' is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial."); *Wall*, 389 F.3d at 470 ("Impeachment testimony normally is not a basis for granting a motion for new trial."); United States v. Garcia-Esparza, 388 F. App'x 407, 408–09 (5th Cir. 2010) ("To the extent that Garcia-Esparza argues that the evidence he has discovered shows that Government witness George Autobee lied extensively on the witness stand and was, therefore, not a credible witness, the evidence is impeaching and not a basis for a new trial. The evidence of later criminal charges against Autobee does not exonerate Garcia-Esparza and only discredits Autobee's testimony generally.").

of a witness.[29] Defendant does not present any law to the contrary. Accordingly, Defendant's request for a new trial is denied.[30]

The Court also feels compelled to point out that the Government has not violated its *Brady* obligation in regards to this information, as Defendant suggests. This information did not exist prior to trial and therefore was not suppressed. Further, there is absolutely no evidence supporting Defendant's inflammatory contention that Martinez has "been given free reign to traffic narcotics without prosecution by the Federal Government" or that he has been "immuniz[ed] from prosecution for his ongoing criminal conduct."[31]

## CONCLUSION

For the foregoing reasons, the Motions are DENIED.

New Orleans, Louisiana this 23st day of April, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[29] United States v. Blackthorne, 378 F.3d 449, 455 (5th Cir. 2004).

[30] Defendant's request for an evidentiary hearing is denied for the same reason. Defendant does not explain how a hearing exploring additional reports created during the investigation into whether Martinez was dealing drugs while incarcerated would reveal anything other than impeachment evidence. Further, "[t]he law of this circuit is well established that a motion for new trial may ordinarily be decided upon affidavits without an evidentiary hearing." *Mahmood*, 820 F.3d at 190.

[31] Doc. 434.