UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-181** |
| **CHAD SCOTT ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendants' Motion in Limine to Admit Transcripts and Audio Recordings of Karl Newman's Prison Phone Conversations (Doc. 481); Defendant Rodney Gemar's Motion in Limine to Prohibit the Government from Referencing Uncharged Allegations/Conduct at Trial (Doc. 486); Defendant Chad Scott's Motion in Limine to Exclude Evidence of Prior Guilty Verdict (Doc. 488); Government's Motion to Preclude Reference to Prior Trials (Doc. 546); and Government's Motion in Limine to Consider Previous Motions in Limine (Doc. 487). The Motions are decided as outlined below.

## BACKGROUND

Defendants Chad Scott, a former DEA special agent, and Rodney Gemar, a former DEA Task Force Officer and member of the Hammond Police

1

Department, were charged by Superseding Indictment in May 2018 with multiple counts. This Court severed the trial of Counts 1 through 7 against Scott from Counts 8 through 14 against Scott and Gemar. After an initial mistrial, Scott was found guilty of Counts 1 through 7 at a trial held in August 2019. The Government subsequently dismissed Counts 11 through 14. Accordingly, the trial of Counts 8 through 10 against Defendants Scott and Gemar is scheduled to begin on June 7, 2021. In Counts 8, 9, and 10, Defendants are charged with conspiring to convert and remove mishandled evidence, converting evidence to their own use, and removing evidence from DEA's offices in New Orleans to prevent the evidence from being discovered by investigators. The Government and Defendants now bring various evidentiary motions ahead of the upcoming trial.

## LAW AND ANALYSIS

### A. Defendants' Motion in Limine to Admit Transcripts and Audio Recordings of Karl Newman's Prison Phone Conversations (Doc. 481)

Defendant Gemar, joined by Defendant Scott, moves to admit transcripts and audio recordings of prison phone conversations involving a key witness, Karl Newman, to show that his testimony is biased against Defendants and in favor of the Government. Defendants argue that in the recordings, in which Newman is talking to his wife from prison, he expresses panic and fear over the Government's "coercion" and a willingness to misrepresent testimony to please the Government and receive a reduced sentence. Defendants argue that these recordings are not hearsay because they are offered to show bias and motivation, not the truth of the matter asserted.

The Government correctly points out that the recordings are not admissible unless Newman makes inconsistent statements at trial. In the prior two trials on Counts 1 through 7 against Scott, Newman testified consistently with the statements in the recordings, and the recordings were ruled inadmissible. Accordingly, Defendants' Motion is DENIED without prejudice to the right to re-urge it if Newman testifies inconsistently with the content of the recordings at trial.

**B. Gemar's Motion in Limine to Prohibit the Government from Referencing Uncharged Allegations/Conduct at Trial (Doc. 486)**

Next, Defendant Gemar moves to exclude reference at trial to any uncharged allegations or conduct not specifically contained in the indictment. Federal Rule of Evidence 404(b) provides that extrinsic "evidence of a crime, wrong, or other act," though not admissible to prove character, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404 requires that the Government give notice of its intent to use extrinsic "evidence of a crime, wrong, or other act" at trial. Here, the Government has not provided notice of its intent to offer any extrinsic evidence against Gemar under Federal Rule of Evidence 404(b). The Court notes, however, that Rule 404(b) does not exclude misconduct that is intrinsic or inextricably intertwined with the charged offenses. Gemar's Motion does not refer to specific acts or pieces of evidence he wishes to exclude. This Court cannot therefore decide in a vacuum whether unidentified evidence might be intrinsic to the crimes charged. Accordingly, ruling on this Motion is DEFERRED for a more specific determination at trial.

### C. Scott's Motion in Limine To Exclude Evidence of Prior Guilty Verdict (Doc. 488)

Defendant Scott moves to exclude any evidence of his prior guilty verdict. The Government agrees that it will not seek to admit the fact that Scott was charged, tried, or found guilty in Counts 1 through 7. Accordingly, Defendant's Motion is GRANTED.

### D. Government's Motion to Preclude Reference to Prior Trials (Doc. 546)

Likewise, the Government moves to exclude reference or argument relating to Scott's prior trials as irrelevant and prejudicial. Defendant does not oppose this motion. Accordingly, the Motion is GRANTED.

### E. Government's Motion in Limine to Consider Previous Motions in Limine (Doc. 487)

The Government filed several motions in limine prior to the trial of Counts 1 through 7 against Defendant Scott. At that time, the Court limited its rulings on those motions to that trial.[1] Now, the Government moves to reassert some of those motions as they relate to the trial of Counts 8 through 10 against Scott and Gemar. Defendants likewise reassert their oppositions thereto. The Court addresses several of the reasserted motions below. However, decisions on (1) the Government's Notice of Intent to Introduce Extrinsic Evidence Pursuant to Federal Rule of Evidence 404(b) (Doc. 138) and (2) the Government's Motion in Limine to Use Statements Made by Defendant

---

[1] Docs. 173, 175.

4

Gemar During Proffer Sessions (Doc. 125) are DEFERRED until after the oral argument set for May 27, 2021.

### i. *Government's Omnibus Motion in Limine (Doc. 139)*

This Motion is GRANTED IN PART and DEFERRED IN PART as outlined in Record Document 173.

### ii. *Government's Motion in Limine for Exclusion of Character Evidence under FRE 404(a) (Doc. 140)*

This Motion is DEFERRED for the reasons stated in Record Document 173.

### iii. *Government's Motion in Limine for Determination that Records Qualify as Business Records under FRE 803(6) and FRE 902(11) (Doc. 141)*

This Motion is DEFERRED for the reasons stated in Record Document 173.

### iv. *Government's Motion in Limine to Preclude Evidence of Public Authority Defense (Doc. 142)*

This Motion is GRANTED for the reasons stated in Record Document 173.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion in Limine to Admit Transcripts and Audio Recordings of Karl Newman's Prison Phone Conversations (Doc. 481) is DENIED; Defendant Rodney Gemar's Motion in Limine to Prohibit the Government from Referencing Uncharged

5

Allegations/Conduct at Trial (Doc. 486) is DEFERRED; Defendant Chad Scott's Motion in Limine to Exclude Evidence of Prior Guilty Verdict (Doc. 488) is GRANTED; Government's Motion to Preclude Reference to Prior Trials (Doc. 546) is GRANTED, and Government's Motion in Limine to Consider Previous Motions in Limine (Doc. 487) is GRANTED IN PART and DEFERRED IN PART as detailed above.

Oral argument will be held on May 27, 2021 on the following motions:

1. The Government's Notice of Intent to Introduce Extrinsic Evidence Pursuant to Federal Rule of Evidence 404(b) (Doc. 138);
2. The Government's Motion in Limine to Use Statements Made by Defendant Gemar During Proffer Sessions (Doc. 125);
3. The Government's Motion to Limit Certain Cross-Examination (Doc. 543); and
4. Defendants' Motion to Compel (Doc. 541).

New Orleans, Louisiana this 24th day of May, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**