UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                NO: 17-181

CHAD SCOTT ET AL.                                     SECTION "H"

ORDER AND REASONS

Before the Court is the Government's Motion in Limine to Use Statements Made by Defendant During Proffer Sessions (Docs. 487, 125). Oral argument on this Motion was held on May 27, 2021. For the following reasons, the Motion is GRANTED.

BACKGROUND

Defendants Chad Scott, a former DEA special agent, and Rodney Gemar, a former DEA Task Force Officer and member of the Hammond Police Department, were charged by Superseding Indictment in May 2018 with multiple counts. This Court severed the trial of Counts 1 through 7 against Scott from Counts 8 through 14 against Scott and Gemar. After an initial mistrial, Scott was found guilty of Counts 1 through 7 at a trial held in August

1

2019. The Government subsequently dismissed Counts 11 through 14. Accordingly, the trial of Counts 8 through 10 against Defendants Scott and Gemar is scheduled to begin on June 7, 2021. In Counts 8, 9, and 10, Defendants are charged with conspiring to convert and remove mishandled evidence, converting evidence to their own use, and removing evidence from DEA's offices in New Orleans to prevent the evidence from being discovered by investigators. The Government now brings a motion to admit statements made by Gemar during proffer sessions with the Government if inconsistent testimony is elicited at trial.[1]

## LAW AND ANALYSIS

Based on the language of the Proffer Agreement signed by Gemar, the Government seeks to admit statements made by him during proffer sessions on October 5, 2016, December 19, 2017, and January 19, 2018, if Gemar offers or elicits any evidence that is inconsistent with those statements. The Proffer Agreement provides in relevant part:

> In any proceeding, including sentencing, the government may use Client's statements and any information provided by Client during or in connection with the meeting to cross-examine Client, to rebut any evidence or arguments offered on Client's behalf, or to address any issues or questions raised by the court on its own initiative.[2]

---

[1] This Motion was initially filed prior to the trial of Counts 1 through 7 against Scott (Doc. 125). On December 20, 2018, the Court denied the Government motion without prejudice as it relates solely to Counts 8 through 10. The Court allowed the Government to reassert the motion at a time consistent with the trial date of those Counts. (Doc. 172). In accord with the Court's order, the Government reasserted the motion (Doc. 487).

[2] Doc. 125-1.

2

Defendant Gemar does not argue that the Agreement was entered into by fraud or coercion or that it was not knowing and voluntary. Instead, Defendant simply asks the Court to clarify that the Government may not introduce evidence of his proffer statements based solely on Defendant's opening or closing statements, on his impeaching of the credibility or motives of the Government's witnesses, or on Defendant's argument that the Government has failed to meet its burden of proof in its case against Gemar.

The Proffer Agreement, however, does not contain such arbitrary boundaries. By its plain language, "any evidence or argument" can trigger the introduction of statements made during the proffer sessions. Indeed, the Fifth Circuit has made clear that "'rebuttal' will sometimes mean the countering of factual assertions made during defense counsel's opening statement or cross-examination of government witnesses."[3] Accordingly, the Court declines to limit the Government's ability to introduce proffer statements in response to "any evidence or argument" contrary to those statements that is introduced at trial. The Court does not find compelling Defendant's suggestion that such a ruling limits his ability to present a defense. Defendant is entitled to question the veracity of the Government's witnesses, challenge the Government's ability to carry its burden of proof, and present any evidence or argument not contrary to statements made in the proffer sessions.

Finally, the Court clarifies that because Defendant Scott was not a party to the Proffer Agreement, he is not likewise bound by it. That said, he will not be permitted to present evidence solely for the benefit of Gemar and to evade the aforementioned ruling.

---

[3] United States v. Sylvester, 583 F.3d 285, 292 (5th Cir. 2009).

## **CONCLUSION**

For the foregoing reasons, the Government's Motion is GRANTED.

New Orleans, Louisiana this 28th day of May, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**