# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-181** |
| **CHAD SCOTT ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendants Chad Scott and Rodney Gemar's Renewed Motion to Compel Discovery (Docs. 541, 555), and the Government's Motion to Limit Cross-Examination (Doc. 543). For the following reasons, the Defendants' Motion is DENIED, and the Government's Motion is GRANTED IN PART.

## BACKGROUND

Defendants Chad Scott, a former DEA special agent, and Rodney Gemar, a former DEA Task Force Officer and member of the Hammond Police Department, were charged by Superseding Indictment in May 2018 with multiple counts. This Court severed the trial of Counts 1 through 7 against Scott from Counts 8 through 14 against Scott and Gemar. After an initial

1

mistrial, Scott was found guilty of Counts 1 through 7 at a trial held in August 2019. The Government subsequently dismissed Counts 11 through 14. Accordingly, the trial of Counts 8 through 10 against Defendants Scott and Gemar is scheduled to begin on June 7, 2021. In Counts 8, 9, and 10, Defendants are charged with conspiring to convert and remove mishandled evidence, converting evidence to their own use, and removing evidence from DEA's offices in New Orleans to prevent the evidence from being discovered by investigators.

In February 2018, Johnny Domingue, another former member of the DEA task force, pleaded guilty to two counts of possession with intent to distribute cocaine and conspiracy to commit conversion of property by a government officer and was sentenced to twenty-one months' incarceration. The conversion count to which Domingue pleaded guilty is essentially the same as the conversion counts contained in the second set of charges against Defendants in this case. Domingue will serve as a critical government witness in the upcoming trial of the second set of charges. Domingue also testified as a government witness against Scott in the first two trials.

Domingue was released from prison on the aforementioned charges and began his term of supervised release on March 8, 2019. On September 9, 2020, Domingue was arrested again on unrelated charges. Domingue was apprehended in McAllen, Texas after a controlled buy from a confidential informant and found in possession of the eight kilograms of cocaine that he had purchased. Domingue was charged with possession with intent to distribute

more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) ("the Texas case").[1]

The prosecution team in this matter maintains that it is not part of the team that investigated and charged Domingue in the Texas case. In fact, it only learned that Domingue was under investigation on September 1 when Domingue's probation officer notified them that she had learned that Domingue was the subject of an investigation. The prosecutors in this matter then spoke briefly with authorities involved in the Texas case to confirm Domingue's identity. On September 8, they received an email notifying them that the team in Texas planned to arrest Domingue. After his arrest, the prosecution team in this matter contacted Domingue's defense counsel in the Texas case regarding his willingness to testify in the upcoming trial. Domingue's defense counsel then sought assurance from the prosecution team in the Texas case that Domingue would receive a benefit for doing so. The Texas prosecution team responded that it would move for a downward departure if he provided "substantial assistance to the government."[2]

Because Domingue is a key witness and is bargaining with the Government regarding his testimony against Defendants, Defendants move for discovery of exculpatory or relevant impeachment evidence in the Texas case pursuant to Federal Rule of Criminal Procedure 16.[3] Specifically, Defendants seek disclosure of:

---

[1] United States of America v. Johnny Jacob Domingue, Case No. 4:20-cr-00470 (S.D. Tex.).
[2] Doc. 541-1.
[3] Defendants' Motion to Compel was previously denied by the Magistrate Judge. Doc. 519. Defendants reurged the motion after the recent disclosure of emails that they argue show that the prosecution teams in this matter and in the Texas case are working together.

3

1. The case file of the case agent, including all debriefing notes from the confidential informant referenced in Attachment "A" to the criminal complaint filed in the Texas case;
2. All recordings of phone calls involving Johnny Domingue since he has been in custody in the Texas case; and
3. All recordings of phone calls involving the confidential informant referenced in Attachment "A" to the criminal complaint filed in the Texas case.

In response, the Government filed a Motion to Limit the Cross-Examination of Domingue regarding his recent arrest. The Court will consider each Motion in turn.

## LEGAL STANDARD

Rule 16 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>   (i) the item is material to preparing the defense;
>   (ii) the government intends to use the item in its case-in-chief at trial; or
>   (iii) the item was obtained from or belongs to the defendant.

The burden is on the Defendant to make a prima facie showing of "materiality" in order to obtain discovery under Rule 16.[4] "Materiality means more than that the evidence in question bears some abstract logical

---

[4] United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978).

4

relationship to the issues in the case."[5] Indeed, "[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor."[6]

The Government's obligation to disclose materials extends to items that are "within the government's possession, custody, or control."[7] Materials are clearly within the government's possession, custody or control when the prosecutor has actually reviewed them or they are within his own files. Materials within the government's possession, custody, or control extend beyond what the prosecutor has or has seen, but not infinitely. For purposes of Rule 16, government possession custody or control extends to materials in the possession of another federal—or even state—agency when the prosecutor is engaged in a joint investigation with that other agency or when the other agency is so closely aligned with the prosecution as to be considered part of the prosecution team or has contributed significantly to the investigation or prosecution.[8]

## LAW AND ANALYSIS

**A. Defendants' Motion to Compel**

---

[5] United States v. Ross, 511 F.2d 757, 762–63 (5th Cir. 1975).
[6] *Id.*
[7] FED. R. CRIM. P. 16(a)(1)(E).
[8] United States v. Villa, 2014 WL 280400, at *3 (D.Conn. Jan. 24, 2014) (citing United States v. Gupta, 848 F.Supp.2d 491, 493 (S.D.N.Y. 2012); United States v. Finnerty, 411 F.Supp.2d 428, 432 (S.D.N.Y. 2006)); United States v. Libby, 429 F.Supp.2d 1, 6 (D.D.C. 2006) (citing United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992); United States v. Fairman, 769 F.2d 386, 391 (7th Cir.1985)).

The Government correctly argues that Defendants are not entitled to the disclosure of any of the requested information. First, the Government is not in possession of the requested materials because it is not involved in the prosecution of Domingue in the Texas case. The prosecutors in this matter have had limited contact with the prosecutors in the Texas case. Defendants have not shown that they were involved in any way in the investigation, arrest, or prosecution of Domingue. Their limited contact does not rise to the level of a joint investigation.

Further, Defendants have not made a prima facie showing of materiality. The charges pending against Domingue in the Texas case are wholly unrelated to the charges at issue here, and Defendants do not identify how evidence regarding the investigation of Domingue's involvement in the purchase of cocaine might reveal evidence that will "significantly alter the quantum of proof in his favor."[9]

That said, this Court was concerned that Domingue may have discussed his motivation to testify against Scott with actors in the Texas case. Accordingly, out of an abundance of caution, this Court performed a limited in camera inspection of the case reports in the Texas case and questioned the existence of statements made by Domingue with the prosecutor involved in the matter. After completing this review, the Court is satisfied that there is insufficient basis to look further. Defendants' Motion to Compel is denied.

**B. Motion to Limit Cross-Examination**

Next, the Government moves to limit the scope of Defendants' cross-examination of Johnny Domingue regarding his recent arrest. Specifically, it

---

[9] *Ross*, 511 F.2d at 762–63.

asks the Court to exclude "specific mention, reference, argument, or evidence regarding the details of the investigation, arrest, and charge" against Domingue because it is neither relevant nor probative of truthfulness. Defendants rebut that they are entitled to vigorously cross-examine Domingue regarding his motivation for testifying and the significant risk he faces if convicted of the charges in the Texas case.

Indeed, "[t]he Confrontation Clause of the Sixth Amendment is satisfied where defense counsel has been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness."[10] The Fifth Circuit has held that "[c]ounsel should be allowed great latitude in cross examining a witness regarding his motivation or incentive to falsify testimony, and this is especially so when cross examining an accomplice or a person cooperating with the Government."[11] Accordingly, this Court will not limit Defendants' ability to cross-examine Domingue regarding his motivation or bias. Defendants do not, however, present any argument regarding why they should otherwise be allowed to question Domingue regarding the details of his recent arrest. Accordingly, the Government's Motion is granted in part. Defendants will not be permitted to explore the details of the Texas investigation into Domingue or his recent arrest unless their questions relate specifically to his bias and motivation to testify.

## CONCLUSION

---

[10] United States v. Landerman, 109 F.3d 1053, 1061 (5th Cir.), *opinion modified on reh'g*, 116 F.3d 119 (5th Cir. 1997).
[11] *Id.*

7

For the foregoing reasons, Defendants' Motion is DENIED, and the Government's Motion is GRANTED IN PART.

New Orleans, Louisiana this 1st day of June, 2021.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**