```
 1                    UNITED STATES DISTRICT COURT
 2                    EASTERN DISTRICT OF LOUISIANA
 3
 4   UNITED STATES OF AMERICA      *       17-CR-181
                                   *
 5   versus                        *       Section H
                                   *
 6   CHAD ALLEN SCOTT              *       August 12, 2021
                                   *
 7   * * * * * * * * * * * * * * * *
 8
                              DAY 2
 9                    SENTENCING HEARING BEFORE
                THE HONORABLE JANE TRICHE MILAZZO
10                  UNITED STATES DISTRICT JUDGE
11
     Appearances:
12
13   For the United States       U.S. Department of Justice
     of America:                 BY:  CHARLES A. MIRACLE, ESQ.
14                               145 N Street NE
                                 Washington, DC 20530
15
16   For the United States       U.S. Department of Justice
     of America:                 BY:  TIMOTHY A. DUREE, ESQ.
17                               1400 New York Avenue NW, 3rd Floor
                                 Washington, DC 20005
18
19   For Chad Allen Scott:       Fishman Haygood, LLP
                                 BY:  KERRY J. MILLER, ESQ.
20                               201 St. Charles Avenue, Suite 4600
                                 New Orleans, Louisiana 70170
21
22   For Chad Allen Scott:       Mills & Amond, LLP
                                 BY:  KRISTEN D. AMOND, ESQ.
23                               650 Poydras Street, Suite 1525
                                 New Orleans, Louisiana 70130
24
25
```

Appearances:

| | |
|---|---|
| For Chad Allen Scott: | Garcia & Artigliere<br>BY:   MATTHEW M. COMAN, ESQ.<br>400 Poydras Street, Suite 2045<br>New Orleans, Louisiana 70130 |
| For Chad Allen Scott: | Garcia & Artigliere<br>BY:   STEPHEN M. GARCIA, ESQ.<br>One World Trade Center, Suite 1950<br>Long Beach, California 90831 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, Room B-275<br>New Orleans, Louisiana 70130<br>(504) 589-7778 |

Proceedings recorded by mechanical stenography using computer-aided transcription software.

```
 1                          PROCEEDINGS
 2                        (August 12, 2021)
 3          THE COURT:  Court is in session.  You may be seated.
 4          THE DEPUTY CLERK:  We have Criminal Action 17-181,
 5   United States v. Chad Scott.  Counsel, make your appearance,
 6   please.
 7          MR. DUREE:  Good morning, Your Honor.  Tim Duree and
 8   Charles Miracle for the government.
 9          MR. COMAN:  Good morning, Your Honor.  Matt Coman and
10   Stephen Garcia on behalf of Chad Scott.
11          THE COURT:  This matter is before the Court for
12   sentencing.  Mr. Scott, with your counsel, would you please
13   approach the podium.
14               Is there any reason why sentence should not be
15   imposed at this time?
16          MR. COMAN:  No, ma'am.
17          THE COURT:  Mr. Coman?
18          MR. COMAN:  No, ma'am.
19          MR. DUREE:  Not from the government.
20          THE COURT:  Okay.  Yesterday we had allocution from
21   the defendant and we had evidence.  Is there anything that I
22   need to take up today?
23          MR. DUREE:  No, Your Honor.
24          MR. COMAN:  No, ma'am.
25          THE COURT:  The defendant has filed three objections
```

```
1   to the presentence report.
2               Objection 1:  The defendant objects to
3   paragraphs 96 and 103.
4               The defendant objects here to the application of
5   the accessory after the fact cross-reference to determine his
6   base level where he did not perjure himself or suborn perjury
7   in order to avoid punishment.  The Court overrules this
8   objection.
9               United States Sentencing Guideline § 2J1.3(c)(1)
10  states that if an offense "involved perjury, subornation of
11  perjury, or witness bribery in respect to a criminal offense,"
12  the Court should apply § 2X3.1, accessory after the fact, "in
13  respect to that criminal offense."  Accordingly, by its plain
14  language, this cross-reference applies here.
15              Mr. Scott perjured testimony and suborned
16  perjury in the suppression hearing in the criminal trial of
17  Jorge Perralta.  The commentary to United States Sentencing
18  Guideline § 2J1.3(c)(1) states that "the Commission believes
19  that perjury should be treated similarly to obstruction of
20  justice."  While the obstruction of justice guideline states
21  that it "frequently" covers conduct seeking to avoid punishment
22  for an offense, it is not so limited.  Nothing in the guideline
23  prohibits application of the accessory after the fact
24  cross-reference here.
25              Indeed, the Fifth Circuit has advised that "the
```

```
 1   guidelines merely borrow the formula in § 2X3.1 to treat a
 2   defendant who has perjured himself in relation to a criminal
 3   offense as if he was convicted of being an accessory," but
 4   there is no requirement that the defendant actually act as an
 5   accessory after the fact.
 6                 The cross-reference serves to increase the
 7   guideline in light of the seriousness of the crime that was
 8   obstructed regardless of whether the defendant did so as an
 9   accessory after the fact, and that's United States v. McRae.
10   Further, this Court cannot discern any reason why perjury aimed
11   at avoiding punishment should be punished more harshly than
12   perjury aimed at assisting the government.
13                 Objection 2:  The defendant objects to
14   paragraphs 82 through 89 and 119 through 121, where the counts
15   of conviction are grouped into four distinct groups.
16                 This objection is overruled.  The Court adopts
17   the grouping as set forth in the presentence report.
18   United States Sentencing Guideline § 3D1.2 shall be grouped
19   together in this single group.  Counts involve substantially
20   the same harm within the meaning of this rule when the counts
21   involve the same victim and the same act or occurrence.
22                 Counts 1 and 2 are grouped into a single group
23   because they relate to the falsification of government records
24   in relation to a purchase of a Ford F-150 truck by Frederick
25   Brown and turned over to Chad Scott in Texas.
```

                    Counts 3, 6, and 7 are grouped into a single
group because they relate to perjury and subornation of perjury
at the *Perralta* trial.
                    Counts 4, 5, and 7 are grouped into a single
group because they relate to perjury and subornation of perjury
at the *Perralta* suppression hearing.
                    Counts 8 and 9 are grouped into a single group
because they relate to conversion of property of another,
conspiracy to convert property of another, and conspiracy to
remove property to prevent seizure.
                    Objection 3:  The defendant objects to
paragraph 111.
                    The defendant objects to the sentencing
enhancements for both the value of property converted and the
number of victims.  The Court overrules this objection.  The
Court finds that there was a preponderance of the evidence
presented at trial to support a finding of the value of
converted property of at least $98,000 and to find more than
100 victims were impacted.
                    The evidence at trial revealed and identified
specific conversion of $53,580 in cash, many cell phones, and
jewelry.  Additionally, evidence revealed that over the span of
eight years, the defendant converted a few hundred to a few
thousand dollars from arrestees' wallets three to four times
per year and converted money from seizures several times a

```
 1   year.  Evidence revealed that the wallets and personal property
 2   of many arrestees were held in defendant's desk and filing
 3   cabinets at the DEA and ultimately destroyed.  Further,
 4   resolution of this objection does not affect the guideline
 5   calculation.
 6              Having ruled on the objections, the Court adopts
 7   the recommended findings of fact contained in the presentence
 8   report.  After consulting the guidelines, I find the applicable
 9   guideline range is as follows:
10              Total Offense Level:  36;
11              Criminal History Category:  I;
12              Indicating:  188 to 235 months imprisonment;
13              Supervised Release:  3 years;
14              $40,000 to $400,000 fine, plus costs of
15   imprisonment/supervision;
16              $900 special assessment.
17              Yes, sir?
18         MR. COMAN:  I didn't mean to interrupt, but there was
19   one alternative objection that was lodged in reference to
20   § 1B1.5 if the Court did apply the cross-reference, as
21   Your Honor just ruled; that the abuse of trust two-level
22   enhancement and the leadership role enhancement, which was
23   assessed as on perjury, it would have to be assessed on the
24   cross-reference, the drugs itself, so that's clearly double
25   counting.  At a minimum, Judge, that would leave it to be a 32.
```

```
 1  I wanted to point that out to the Court.  That was part of our
 2  objections.
 3          THE COURT:  I understand.  I looked at that objection
 4  yesterday, and the cross-reference applies the base calculation
 5  to the charge, which is perjury here.  I calculated the two and
 6  overruled that objection.
 7          MR. COMAN:  Yes, ma'am.
 8          THE COURT:  $40,000 to $400,000 fine, plus costs of
 9  imprisonment/supervision;
10              $900 special assessment ($100 for each count).
11              Pursuant to the Sentencing Reform Act of 1984
12  and considering the provisions found in 18 U.S.C. § 3553, it is
13  the judgment of the Court that the defendant, Chad Allen Scott,
14  is hereby committed to the custody of the Bureau of Prisons to
15  be imprisoned for a term of 160 months.  This term consists of
16  160 months as to each of Counts 1, 2, 3, 5, and 7 and 60 months
17  as to 4, 6, 8, and 9, to be served concurrently to all counts.
18              This sentence is a downward variance.  The Court
19  specifically notes that the defendant has served a period of
20  about 20 months in home incarceration.  The Court has also
21  factored in the trauma experienced by the defendant as a
22  student and as a young agent with the DEA, his reported
23  addiction to alcohol, and his age.  The Court finds that the
24  sentence of 160 months is appropriate as it reflects the
25  seriousness of the offense, promotes respect for the law,
```

provides just punishment, and affords adequate deterrence to criminal conduct.

The Court does note, however, that in the event the cross-reference calculated and ruled on through Objection 1 filed by the defendant was not applied, this Court would have granted an upward variance resulting in the same sentence of 160 months.  The Court finds that the seriousness of the offense warrants nothing less.

This Court has received multiple letters of support for Mr. Scott and has considered them all.  The Court has additionally received multiple reports from the government and has considered those as well.  What has affected this Court most profoundly, however, is correspondence received from the United States Attorney, Duane Evans.

The damage done to the administration of justice in the Eastern District of Louisiana through the actions of Mr. Scott is significant and far-reaching.  Multiple cases required dismissal, including the *Perralta* matter.  In many cases, charges were drastically reduced and in others plea agreements were reached where defendants served only small fractions of the time warranted.  Many cases required recusal of the office.  Morale in the United States Attorney's Office was and still remains impacted.  Law enforcement officers and those of us that serve in the public trust must diligently follow the rule of law.

1              It is the finding of this Court that the
2     defendant is not able to pay a fine.  Accordingly, no fine
3     shall be imposed; however, in accordance with 18 U.S.C.
4     § 3663(a), restitution is mandatory.  The payment of
5     restitution shall begin while the defendant is incarcerated.
6     Upon release, any unpaid balance shall be paid at the rate of
7     $50 per month.  The payment is subject to increase or decrease
8     depending upon the defendant's ability to pay.
9              The defendant, who is jointly and severally
10    liable for these injuries with co-defendant, Rodney Gemar,
11    shall make restitution to the above victim, except no further
12    payment shall be required after the sum amounts actually paid
13    by all defendants has fully covered all of the compensable
14    injuries.  The Court finds that the defendant does not have the
15    ability to pay interest on the restitution.  The Court will
16    waive the interest requirement in this case.
17             Restitution payments shall be made to the Clerk,
18    United States District Court, and are to be forwarded to the
19    following address:  United States Clerk's Office,
20    Attention: Financial Section, 500 Poydras Street, Room 151,
21    New Orleans, Louisiana 70130.  The U.S. Probation Office and
22    the United States Attorney's Office are responsible for the
23    enforcement of this order.
24             Upon release from imprisonment, the defendant
25    shall be placed on supervised release for a term of three years

```
 1  as to all counts, to be served concurrently.  Within 72 hours
 2  of release from the custody of the United States Bureau of
 3  Prisons, the defendant shall report in person to the probation
 4  office in the district to which he is released.  While on
 5  probation, the defendant shall not commit any federal, state,
 6  or local crimes, and he shall be prohibited from possessing a
 7  firearm, ammunition, destructive device, or any other dangerous
 8  weapon.  The defendant shall not possess a controlled
 9  substance, shall cooperate in the collection of DNA, and shall
10  comply with all standard conditions of probation, including the
11  following special conditions:
12              (1)  In order to facilitate the collection of
13  restitution, the financial disclosure condition is imposed.
14              (2)  In order to facilitate the collection of
15  restitution, the financial restriction condition is imposed.
16              (3)  Based upon the defendant's reported
17  addiction to alcohol, the alcohol treatment condition is
18  imposed.
19              (4)  Pursuant to the Mandatory Victims
20  Restitution Act, the defendant shall pay any restitution that
21  is imposed by this judgment.
22              It is further ordered that the defendant
23  immediately pay to the United States a special assessment of
24  $900.
25              Mr. Scott, pursuant to Rule 32 of the Federal
```

```
 1   Rules of Criminal Procedure, I hereby advise you that you have
 2   the right to appeal your conviction and this sentence.  Under
 3   Rule 4 of the Federal Rules of Appellate Procedure, you have
 4   14 days after entry of either the judgment or the order being
 5   appealed or the filing of the government's notice of appeal.  I
 6   also advise you that if you are unable to pay your appellate
 7   costs, you have the right to ask to proceed on appeal without
 8   payment of costs.
 9              The defendant is remanded to the custody of the
10   United States Marshal.
11              I had indicated Mr. Scott's reported addiction
12   to alcohol.  If so interested, I recommend him for the RDAP
13   program.
14         MR. COMAN:  Yes, ma'am.
15         THE COURT:  We are going to recommend Mr. Scott to
16   the RDAP program, but of course that's handled through the
17   Bureau of Prisons.
18         MR. COMAN:  Yes, ma'am.  Briefly, Judge, if I could
19   just, obviously on Mr. Scott's behalf, lodge a general
20   objection to the sentence the Court rendered today as well as a
21   specific objection.  I understand the Court considered it, but
22   I do want to lodge just for the record a specific objection to
23   the Court's consideration of a letter from Mr. Duane Evans, the
24   acting U.S. Attorney.
25              As I understand it, Mr. Evans' entire office
```

1  recused itself, so I do not believe that it was proper for him
2  to then send a letter to the Court, whatever that letter said.
3  We have a copy of it.
4         **THE COURT:**  Yes.
5         **MR. COMAN:**  Still we just want to lodge that specific
6  objection.
7         **THE COURT:**  Mr. Duree.
8         **MR. DUREE:**  A quick response to that.  Mr. Evans is
9  not recused.  Mr. Evans was one of a couple of individuals in
10 his office who were specifically not recused and were able to
11 assist in managing the fallout.
12            One other thing, if I may, Your Honor.  As to
13 the restitution, is the $500 to Victim KW that's referenced in
14 paragraph 163?
15        **THE COURT:**  I can't hear you.
16        **MR. DUREE:**  Is the restitution the $500 referenced in
17 paragraph 163 to Victim KW?  I just wasn't sure if it was
18 specified.
19        **THE COURT:**  Yes.  I'm sorry, I thought I had said
20 that.
21        **MR. DUREE:**  Thank you, Your Honor.
22        **THE COURT:**  Anything further?
23            Court is adjourned.  I'm going to ask
24 Mr. Scott's family to stay.  Court is adjourned.
25        **THE DEPUTY CLERK:**  All rise.

1  (Proceedings adjourned.)

2  * * *

3  **CERTIFICATE**

4  I, Toni Doyle Tusa, CCR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of proceedings in the above-entitled matter.

*/s/ Toni Doyle Tusa*
Toni Doyle Tusa, CCR, FCRR
Official Court Reporter