UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-181** |
| **CHAD SCOTT ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Chad Scott's Motion for Sentence Reduction and Resentencing pursuant to the Retroactive Amendment 821 (Doc. 765). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

After three trials in 2019 and 2021, Defendant Chad Scott was found guilty of nine felony counts involving obstruction of justice, perjury, falsification of federal forms, and conversion of property. On August 12, 2021, this Court sentenced Defendant to 160 months in prison, and his conviction and sentence were affirmed by the Fifth Circuit. Defendant now asks for a reduction in sentence pursuant to Amendment 821. The Government opposes. Oral argument on Defendant's Motion was held on June 27, 2024.

1

## LAW AND ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[1] Defendant seeks relief under 18 U.S.C. § 3582(c)(2) based on Amendment 821. The United States Sentencing Commission has allowed Amendment 821 to be applied retroactively, permitting defendants to receive sentencing reductions through 18 U.S.C. § 3582(c)(2).[2]

Under Amendment 821, a defendant may receive a 2-point reduction to his offense level if he meets all of the following criteria outlined in U.S.S.G. § 4C1.1:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

---

[1] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).
[2] United States v. Anderson, No. 23-60271, 2024 WL 492408, at *1 (5th Cir. 2024).

> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

On the face of the record, Defendant does not qualify for a 2-point reduction pursuant to Amendment 821 because he received an aggravating role adjustment under U.S.S.G. § 3B1.1. He argues, however, that the application of that adjustment was error and that the Fifth Circuit acknowledged such in his appeal.[3] Defendant recognizes, however, that despite stating that "there is force in Scott's argument" that the adjustment should not have been applied, the Fifth Circuit ultimately declined to resolve the issue because it held that any error was harmless.[4]

Because the Fifth Circuit did not disturb the aggravating role enhancement applied to Defendant's sentence, Defendant necessarily asks this Court to reconsider it here. The Fifth Circuit recently expressly advised against such a practice. In *United States v. Rivera-Paredes*, the Fifth Circuit affirmed the district court's denial of the defendant's motion for sentence

---

[3] Defendant argues that after it applied a cross-reference to drug trafficking crimes, the Court should have evaluated Defendant's role enhancements only in reference to his role in those drug trafficking crimes. He contends therefore that a leadership enhancement for his role in the perjury crime was improper. *See* United States v. Scott, 70 F.4th 846, 863–64 (5th Cir. 2023) ("Because his offense level was set by reference to Peralta's offense (under the § 2J1.3(c) cross-reference), Scott argues that the district court had to evaluate his enhancements only in reference to his role in Peralta's drug-trafficking. In other words, Scott contends he could receive the enhancements only if he had a leadership role or abused his public trust in relation to Peralta's underlying crime, rather his own offenses of conviction (perjury and obstruction of justice).").

[4] *Id.* at 864 ("There is force in Scott's argument because the Chapter Three adjustments at issue here do not mention § 1B1.5(c) or otherwise explain how they apply in the event of a cross-reference. . . . We need not resolve the issue, however. Even if the district court erred in applying these two enhancements, the error was harmless. As discussed, the district court carefully explained that it would have imposed the same 160-month sentence for the same reasons even if it erred in calculating Scott's offense level.").

reduction pursuant to Amendment 821 where the defendant had received a 3B1.1 adjustment.[5] In doing so, the court advised that:

> [A] proceeding under § 3582(c)(2) is not a full resentencing. The district court therefore could not have considered as part of its § 3582(c)(2) analysis Rivera-Paredes's present challenges to the imposition of the § 3B1.1(a) enhancement and the alleged failure to grant him a U.S.S.G. § 3E1.1 reduction for acceptance of responsibility at sentencing. *See* § 1B1.10(b)(1), p.s.[6]

Pursuant to U.S.S.G. § 1B1.10(b)(1), the Court must "leave all other guideline application decisions unaffected" in applying a § 3582(c)(2) reduction. Accordingly, this Court cannot reconsider the application of a 3B1.1 adjustment to Defendant's sentence—whether erroneous or not—in the context of a § 3582(c)(2) motion. Because Defendant does not satisfy all of the criteria listed in § 4C1.1, he does not qualify for a two-level reduction.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 31st day of July, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] No. 24-40082, 2024 WL 3051671, at *1 (5th Cir. June 19, 2024).
[6] *Id.*